# Polk v. Philadelphia & Reading Railway Company, Appellant.

*Workmen's compensation—Railroads—Claim for compensation —Defense—Interstate commerce—Burden of proof—Presumption.*

The burden of establishing the fact that an employee of a railroad company was, at the time of the occurrence of an injury from which he died, engaged in performing duties incident to interstate commerce, is upon the defendant who alleges that fact as a defense to a claim for compensation, inasmuch as there is no presumption as to the character of the employment.

Argued January 13, 1920. Appeal, No. 135, Jan. T., 1920, by defendant, from judgment of C. P. No. 5, Philadelphia Co., Sept. T., 1918, No. 1919, dismissing appeal from Workmen's Compensation Board which affirmed an award of compensation made by the Referee in the case of Marie E. Polk v. Philadelphia & Reading Railway Co. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board which affirmed an award of compensation made by the referee on account of the death of claimant's husband.

The referee found as a fact that plaintiff's husband was an employee of defendant, and further found, inter alia, as follows:

"The defendant offered no testimony whatever to show what work John M. Polk was performing at the time he was injured; the defendant simply showed that the draft of cars constituting the train, under the control

of the crew of which John M. Polk was a member, contained cars en route in the course of interstate journeys. ...... The engine and crew were a yard engine and crew. The testimony shows that this crew had no duties to perform outside of the yard limits."

The court dismissed the appeal and directed judgment on the award of the referee, approved by the workmen's compensation board. Defendant appealed.

*Errors assigned* were dismissing exceptions to decision of workmen's compensation board.

*George Gowen Parry,* for appellant.

*Michael D. Hayes,* with him *Francis M. McAdams* and *William H. Wilson,* for appellee.

PER CURIAM, February 2, 1920:

The defense set up by the appellant to the claim made by the appellee for compensation for the death of her husband is that at the time he received his injuries he was a brakeman in its employ in connection with its interstate commerce business. The referee found that he was an employee of the appellant on a freight train, in the Port Richmond yard, in Philadelphia, at the time of his injuries, which resulted in his death on August 29, 1917. There was no presumption as to the character of his employment. If it was in connection with interstate commerce, as is alleged by appellant, the burden was upon the latter to show that fact: Hench v. Pennsylvania R. R. Co., 246 Pa. 1; Murray v. Pittsburgh, C., C. & St. L. R. R. Co., 263 Pa. 398. The referee found as a fact that the appellant had failed to meet the burden of proof which rested upon it. His distinct finding was "the defendant offered no testimony whatever to show what work John M. Polk was performing at the time he was injured."

Appeal dismissed and award affirmed.