# Di Donato *v.* Philadelphia & Reading Railway Co., Appellant.

*Workmen's compensation—Railroads — Interstate commerce — Watchman—Flagging at crossing—Presumption—Burden of proof.*

1. A watchman employed by a railroad company at a public road crossing is not engaged in interstate commerce when flagging an intrastate train, although trains engaged in the interstate commerce use the same tracks.

2. The nature of the employment is determined by the work in hand at the immediate time of the accident; and, as such work often shifts rapidly from one class of employment to the other, each case must be decided in the light of its particular facts, and be governed by the purpose of the operation. If the work in hand is interstate, or so closely related thereto as to be practically a part of it, then it falls within the act of Congress; otherwise it falls within the State act.

3. A crossing flagman is in the nature of a traffic officer who protects the public and pilots each train over the crossing, and it cannot be said that he is engaged in through traffic when so conducting a local train.

4. The fact that flagging a local train promotes its safe passage, and thus tends to keep the track open and clear for through traffic, does not make the work interstate traffic, any more so than the work of the crew of an intrastate train on the same track.

5. The true rule apparently is, that to come within the range of interstate commerce, the work must bear directly, and not remotely thereon; otherwise practically all local work on trunk railways would be in interstate commerce.

6. There is no presumption that the train a watchman at a local crossing was flagging when killed, was an interstate train. It is not a matter governed by presumption, but by proof, the burden of which rests upon the railroad company alleging it. If no evidence is offered upon the question, the defense fails.

Argued January 14, 1920.  Appeal, No. 12, Jan. T., 1920, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1918, No. 2020, affirming decision of Workmen's Compensation Board, which affirmed a referee's award in favor of claimant, in case of Maria Domenica Di Donato v. Philadelphia & Reading Railway Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.  Affirmed.

Petition under the Workmen's Compensation Act asking an award for the death of plaintiff's husband which occurred while acting as a watchman at a public road crossing of the defendant. Before SHOEMAKER, J.

The referee made an award in favor of the claimant. The Workmen's Compensation Board affirmed the award, and the court below, on appeal, sustained the decision of the Workmen's Compensation Board: see 28 Pa. Dist. R. 380.

Defendant appealed.

*Error assigned* was the judgment sustaining the decision of the Workmen's Compensation Board.

*George Gowen Parry,* for appellant.—A watchman employed on an interstate railroad, at a grade crossing over which interstate shipments and trains regularly pass, is engaged in interstate commerce while performing his duties in flagging trains over the crossings: Pedersen v. Del., etc., Ry., 229 U. S. 146; Southern Ry. Co. v. Puckett, 244 U. S. 571; Deuel v. C., B. & Q. R. R. Co., 253 Fed. 857; New York Central v. Winfield, 244 U. S. 147; Chicago & A. R. R. Co. v. Industrial Commission, 124 N. E. 344.

In an action brought under the Workmen's Compensation Act the burden is upon the claimant to prove a case within the act: Hench v. Penna. R. R., 246 Pa. 1; Keyes v. N. Y., O. & W. Ry. Co., 265 Pa. 105.

There can be no presumption that the train which Di Donato was flagging was an intrastate train: Hench v. Penna. R. R. Co., 246 Pa. 1.

*Francis H. Bohlen,* with him *Evans, Forster & Wernick,* for appellee.—A watchman employed on an interstate railroad at a grade crossing where a public highway intersects tracks of the railroad over which trains, some engaged in intrastate, others interstate commerce, constantly pass, is not, himself, engaged in interstate commerce while flagging an intrastate train: Louisville & Nashville R. R. v. Barrett, 143 Ga. 742; Southern Pacific R. R. Co. v. Industrial Accident Commission, 161 Pacific 1139; Illinois Cent. R. R. v. Behrens, 233 U. S. 473; Minneapolis & St. L. R. R. v. Winters, 242 U. S. 353; New York Cent. & H. R. R. Co. v. Carr, 239 U. S. 260; Baltimore & Ohio R. R. Co. v. Branson, 242 U. S. 623.

In an action brought under the Workmen's Compensation Act where the claimant has proved facts which bring the case within the terms of that act, the defendant, who contends the accident is one which falls within the terms of the Federal Employer's Liability Act, must prove the facts which it alleges bring the case within its terms: Keyes v. N. Y., Ontario & W. R. R., 265 Pa. 105; Osborne v. Gray, 241 U. S. 16.

OPINION BY MR. JUSTICE WALLING, February 23, 1920:

This case is under the State Workmen's Compensation Act. On March 18, 1918, Pasquale Di Donato, while in defendant's employ as a watchman at a public road crossing in this State, was killed by a train on tracks used for both intra and interstate commerce, and it does not appear to which branch of the service that train, or the one he was flagging, belonged. The referee made an award in favor of his widow; from which defendant appealed to the compensation board and later to the court below; and, the board and the court having affirmed the award, defendant brought this appeal.

In our opinion the case was properly decided. However, if the deceased lost his life while employed in interstate commerce, the case is within the Federal Employ-

er's Liability Act of 1908, and there can be no recovery here (Erie R. R. Co. v. Winfield, 244 U. S. 170; New York Cent. R. R. Co. v. Winfield, 244 U. S. 147), and the flagging of an interstate train is in such commerce: Flynn v. N. Y., S. & W. R. Co., 90 N. J. L. 450. But we cannot adopt defendant's contention that a watchman at such crossing is engaged in interstate commerce when flagging an intrastate train. The nature of the employment is determined by the work in hand at the immediate time of the accident (Erie R. R. Co. v. Welsh, 242 U. S. 303; Minneapolis & St. Louis R. R. Co. v. Winters, 242 U. S. 353, 357; Mayers v. Union R. R. Co., 256 Pa. 474), and, as such work often shifts rapidly from one class of employment to the other, each case must be decided in the light of its particular facts (N. Y. Central, etc., R. R. Co. v. Carr, 238 U. S. 260), and is governed by the purpose of the operation: Louisville & Nashville R. R. Co. v. Parker, 242 U. S. 13. If the work in hand is interstate, or so closely related thereto as to be practically a part of it, then it falls within the act of Congress (N. Y. C. & H. R. Co. v. Carr, supra), as it also does where the work has a direct application to both intra and interstate commerce (Erie R. R. Co. v. Winfield, supra); for example, keeping a track used for both in repair (Pedersen v. Del., Lack. & West. R. R., 229 U. S. 146; Zikos v. Oregon R. & Navigation Co., 179 Fed. 893), and free from obstructions (So. Ry. Co. v. Puckett, 244 U. S. 571; Cent. R. R. of N. J. v. Colasurdo, 192 Fed. 901). But a crossing flagman is in the nature of a traffic officer who protects the public and pilots each train over the crossing; and how can it be said that he is engaged in through traffic when so conducting a local train? He is assisting that train and his act is not essentially different from that of a conductor or brakeman thereon, for each is working for the safety of the train. Yet an employee upon an intrastate train is not engaged in interstate commerce: Ill. Cent. R. R. v. Behrens, 233 U. S. 473. However, it

is urged that flagging a local train promotes its safe passage and thus tends to keep the track open and clear for through traffic; but certainly no more so than the work of the crew of the intrastate train on the same track, and if this incidental matter of keeping the track open renders the one an interstate employment, why not both? The repair of a track or bridge over which interstate commerce passes is a direct immediate benefit thereto, entirely unlike any remote or collateral benefit it might possibly derive from flagging an intrastate train. And the true rule apparently is that to come within the range of interstate commerce the work must bear directly and not remotely thereon; otherwise practically all local work on trunk railways would be in interstate commerce, for one can scarcely conceive of any act so done that might not have some remote bearing upon such commerce. So, while this question does not seem to have been directly decided by the United States Supreme Court, and the rulings thereon by other courts are not in harmony, we conclude that a crossing watchman while flagging an intrastate train is not employed in interstate commerce, although trains engaged in such commerce use the same tracks.

Plaintiff made out a prima facie case by showing, inter alia, the employment, work and accident in this State, and the burden is on defendant, who interposed the federal statute, to prove facts necessary to bring the case within its terms. While a state court can take judicial notice of an act of Congress it cannot take such notice of facts necessary to bring a particular case within its provisions. The Federal Employers' Liability Act, applicable to interstate commerce only, bears no analogy to the Federal Bankruptcy Act, which is of general application. There is no presumption that the train a watchman at a local crossing was flagging when killed was an interstate train. It is not a matter governed by presumption but by proof (Hench v. Penna. R. R. Co., 246 Pa. 1, 6; and see Hancock v. Phila. & R. Ry. Co.,

264 Pa. 220), the burden of which rests upon the party alleging it—here the defendant: Polk v. Philadelphia & R. Ry. Co., 266 Pa. 335. This familiar rule of evidence is especially applicable here, otherwise plaintiff must prove a negative, to wit, that her husband was not killed while flagging an interstate train, and must do so when the evidence as to whether it was such or not is peculiarly within the knowledge of defendant. As the latter offered no evidence upon the question, that defense failed. It was its duty to individuate the particular act in which the deceased was engaged and show by competent evidence the train in question and that it was an interstate train, or at least that his act had some reasonably direct connection with such train. In Orborne v. Gray, 241 U. S. 16, the court, speaking through Mr. Justice HUGHES, say (p. 21) : "It is apparent that there was no evidence requiring the conclusion that the deceased was engaged in interstate commerce at the time of his injury, and we are asked to supply the deficiency by taking judicial notice that the cars came from without the State. This contention we are unable to sustain. The make-up of trains and the movement of cars are not matters which we may assume to know without evidence. ......The defendants knew the actual movement of the cars, and, failing to inform the court upon this point, cannot complain that they have been deprived of a federal right."

The judgment is affirmed.