# Dobransky *v.* Adams Express Company, Appellant.

*Common carriers—Express companies—Goods lost—Shipping receipts—Claim in writing—Time for presentment.*

When rights accruing under an act of Congress arise out of and are dependent upon certain facts, those facts must be pleaded in some form before the rights growing out of them can be considered or passed upon, unless the plaintiff in making out his own case proves his noncompliance with the provisions of the statute.

Where the failure to present a claim for articles lost while in the custody of an express company within the time limit provided in the bill of lading, as approved by the Interstate Commerce Commission, is relied upon as a defense, it must be set forth specifically in the pleadings. In default of such averment in the affidavit of defense, the issue is not raised and cannot be brought up at the trial of the case.

In presenting a claim to a common carrier, for goods lost or injured in transit, it is not necessary that the claim should be in any special form, nor need it state the amount of damages demanded.

Argued December 15, 1920. Appeal, No. 318, Oct. T., 1920, by defendant, from judgment of the Municipal Court of Philadelphia, Dec. T., 1918, No. 576, for plaintiff in the case tried by the court without a jury in suit of Paul Dobransky v. Adams Express Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover the value of goods lost while in the custody of an express company.   Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for plaintiff for $150. Defendant appealed.

*Error assigned* was order of the court overruling defendant's motion for judgment non obstante veredicto.

*Alexander R. Staples,* and with him *Thomas DeWitt Cuyler,* for appellant.

*Daniel O'Connell,* for appellee.

OPINION BY KELLER, J., March 5, 1921:

Plaintiff sued defendant for the value of a trunk and contents shipped by him from Ansonia, Connecticut, to Philadelphia, and never delivered.   A jury trial was waived.   The trial judge found in favor of the plaintiff for $144.85, which, on opinion filed was increased to $150, the value stated in defendant's shipping receipt, and judgment entered accordingly.   Defendant appealed and assigns as error the refusal of the court below to enter judgment in its favor.

Defendant contended that judgment should have been entered for it, because, it alleges, there was no evidence that claim had been made in writing to the defendant within four months after a reasonable time for delivery had elapsed, as required by section 7 of the uniform express receipt.   The trial judge, in his opinion, ruled that this was not necessary, because the shipping receipt given the plaintiff, and offered in evidence, contained no such condition.   It was in fact not the uniform express receipt which should have been given plaintiff, but only a blank form torn from a book of receipts intended for use by a regular shipper.   This book, apparently, had

the terms and conditions of the uniform express receipt printed on the inside front cover and an agreement that they should apply to all the shipments entered on the following pages.   The blank itself referred to the terms and conditions of the uniform express receipt as being contained in the book, but did not set them forth.

It is well settled that if the shipping receipt or bill of lading had contained this provision, it could not have been waived by the express company: Georgia F. & A. R. Co. v. Blish Milling Co., 241 U. S. 190; Concordia Silk Hosiery Co. v. Penna. R. R. Co., 69 Pa. Superior Ct. 361.   The trial judge did not hold that the provision had been waived, but that it did not apply because it was not contained in the receipt required by federal law to be given the shipper; that the receipt given the shipper must set forth the terms and conditions by which he is to be bound.

We are not required to decide this point, for in our opinion the judgment can be sustained on other grounds.

We think there was evidence that plaintiff had made claim in writing for the value of his property within the requirements of clause 7 of the uniform express receipt.   He was a foreigner who could scarcely speak, and could not write, English.   After a number of fruitless calls for his property he was told by one of defendant's officials at Philadelphia, "If you want to get your money, you send a list," and pursuant to this suggestion he got a friend who could write English to prepare a statement giving a list of his lost property and the value of each article, and he sent it to the company.   We think this was a sufficient compliance with the terms of the receipt.   The claim need not be in any special form nor need it state the damages claimed: St. Louis, I. M. & S. R. Co. v. Starbird, 243 U. S. 592.   Claim in writing to an officer or agent of the company at final destination satisfies the requirements: Northern Pacific R. Co. v. Wall, 241 U. S. 87.

Furthermore, we do not think this defense was raised by the pleadings, and no admission of failure to make such claim appeared in the evidence.

The action was brought in the municipal court on December 23, 1918, and is governed by the practice in that court as fixed in the act of assembly creating it. (Act of July 12, 1913, P. L. 711.)

It provides for the trial of an issue made by the plaintiff's statement and the defendant's answer.

The defendant's answer did not aver that written notice of claim had not been given it within four months after reasonable time for delivery had expired. It raised no issues for trial except (1) the receipt of the goods by it for shipment, and (2) their nondelivery, and admitted all other averments of the statement. It offered no evidence at the trial.

We have not overlooked the rule that federal rights do not have to be pleaded in any special or particular form: Crowell v. Randell, 10 Pet. 368; St. Louis, I. M. & S. R. Co. v. Starbird, 243 U. S. 592; but where such rights arise out of, and are dependent on certain facts, those facts must be pleaded in some form before the rights growing out of them can be considered and passed upon, (Di Donato v. Phila. & R. Ry. Co., 266 Pa. 412, p. 416), unless the plaintiff, in making out his own case proves his noncompliance with the provisions of some statute or rule or order having like force and effect.

The only proof required on the trial of the plaintiff by the defendant in the present case was (1) its receipt of the goods, and (2) their nondelivery. All other defenses were thus, in effect, waived. Had it set up in its answer the defense first interposed on argument after the testimony was closed the plaintiff might have notified it to produce on the trial of the case all papers, lists or claims filed with it by him and thus furnished from its own files the necessary proof; or he might have had in court the friend who prepared his written list or claim and thus proved more in detail his compliance with the

provisions of the uniform express receipt as to notice of claim.

On consideration of the whole case we are of opinion that judgment was properly entered for plaintiff.   The amount, however, should have corresponded with the finding of the judge, based on the value of the goods as testified to by the plaintiff, to wit, $144.85.

· The judgment is accordingly reduced to $144.85, with interest from October 23, 1919, and as so modified, it is affirmed.