## Scanlon *v.* Payne, Director General, Appellant.

*Workmen's compensation — Railroads — Master and servant — Death—Interstate commerce — Presumption — Burden of proof — Evidence.*

Where a train inspector, while returning from work after inspecting four trains, three of which were interstate, was killed before he reached his home, the burden is upon the person who claims compensation for his death, under the Pennsylvania Workmen's Compensation Act, to prove that the last train which deceased inspected was an intrastate train.

Argued May 23, 1921. Appeal, No. 5, Jan. T., 1922, by defendant, from order of C. P. Lackawanna Co., March T., 1921, No. 163, from decision de novo of Workmen's Compensation Board awarding compensation, in

case of Caroline Scanlon v. John Barton Payne, Director
General of Railroads, operating the Delaware, Lacka-
wanna & Western Railroad. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ. Reversed.

Appeal from decision of Workmen's Compensation
Board. Before EDWARDS, P. J.
The opinion of the Supreme Court states the facts.
The court dismissed the appeal. Defendant appealed.

*Error assigned,* among others, was order, quoting it.

*J. H. Oliver,* with him *D. R. Reese* and *E. D. Adair,*
for appellant.

*M. J. Martin,* for appellee.

OPINION BY MR. JUSTICE FRAZER, July 1, 1921:
Defendant appeals from a decree sustaining an award
of the Workmen's Compensation Board in favor of plain-
tiff for the death of her husband, due to injuries received
by him in the course of his employment by defendant as
an inspector of air appliances on cars in the freight yard
of the Delaware, Lackawanna & Western Railroad Com-
pany.

Scanlon's employment was from four p. m. to mid-
night. He lived at Moscow, fifteen miles from the City
of Scranton, and the railroad company furnished him
with transportation to and from work. His pass was
for passenger trains only; it was admitted, however,
that employees were permitted by train crews to ride on
all trains, regardless of passes. At midnight on October
6, 1919, deceased, with other employees, at the end of
their day's work, proceeded through the yard of the com-
pany and along a public highway of the City of Scran-
ton, to the corner of Washington and Lackawanna ave-
nues, a distance of two and one-half miles from the place

of their employment. Deceased was last seen alive at this point, which was about one thousand feet from defendant's passenger station at Scranton. His body was found the next morning on the freight tracks in front of the station. It is agreed that the purpose of decedent was to return to his home and that the location where his body was found was along the usual traveled route between his place of work and his residence, and further that the accident happened while on his way to his home from work. Defendant produced evidence to show that on the night in question deceased had inspected four trains, three of which were destined for points beyond the State. There was no evidence as to the fourth and last one inspected, other than the opinion of the yardmaster that "any records of what he worked on that night would be interstate stuff," giving as his reason for that opinion that the intrastate freight was carried on local trains which were generally not made up until early in the morning. The compensation board and court below held, following earlier decisions of this court in Di Donato v. Railway, 266 Pa. 412; Polk v. Railway, 266 Pa. 335, and Knorr v. Railroad, 268 Pa. 172, that the burden was on defendant to prove that deceased was engaged in interstate commerce at the time of the accident and that the evidence offered was insufficient for the purpose, and, accordingly, awarded compensation to plaintiff, resting the decision on the presumption that the train last inspected was an intrastate train.

Since this case was decided in the court below, the United States Supreme Court has reversed the decisions of this court in Polk v. Phila. & Reading Ry. Co., and Di Donato v. Railway, supra, in opinions filed May 16, 1921 (see Advanced Opinions, Supreme Court of U. S., June 15, 1921, pages 516, 518), and has held there is no presumption that the duties performed in works partaking of interstate and intrastate commerce were performed in the latter, but that the presumption, if any exists, might, in fact, be the other way, the court say-

ing in the first case: "If there be an assertion of the claim or remedy growing out of an occurrence of which there are constituents of interstate commerce, the burden of explanation and avoidance is on him who asserts the claim or remedy, not on the railroad company to which it is directed, and there is nothing in Osborne v. Gray, 241 U. S. 16, in opposition. Indeed, the court was asked in that case to do what the referee and the Supreme Court in this case have done, that is, to assume to know things of which there is no evidence."

In conformity with the view expressed in the above case, we must reverse the decision of the court below. While there may be a doubt under the above decisions as to the claimant's right to recover if it should appear the last train on which deceased worked was engaged in intrastate commerce alone, consideration of this question is unnecessary at present and we accordingly express no opinion on that phase of the case.

The judgment of the court below is reversed and the record remitted to the Workmen's Compensation Board for the purpose of making definite findings as to the nature of decedent's employment, in accordance with the opinion expressed by the United States Supreme Court in the case above referred to. Costs to abide the final determination of the case.