# Lamlein *v.* Director General of Railroads, Etc., Appellant.

*Workmen's Compensation Law — Federal Employers' Liability Act—Jurisdiction—Conflict of laws—Railroads — Interstate commerce—Intrastate train—Death of employee—Burden of proof—Question on appeal.*

One who claims to be a dependent, and claims compensation under the Workmen's Compensation Act of 1915, for the death of an employee of a railroad company under circumstances in which there are constituents of interstate commerce, has the burden of showing that the employee was not engaged in interstate commerce. The appellate court, in such cases, draws its own conclusions from the evidence without regard to the findings below, to the extent necessary to apply the federal law.

A brakeman on an intrastate train, which is delivering interstate shipments of freight, from more than half a dozen different states and from Canada, is engaged in interstate commerce, and a dependent seeking compensation for his death has no remedy under the Workmen's Compensation Act of 1915.

Argued October 10, 1921. Appeal, No. 8, Oct. T., 1921, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1920, No. 4394, dismissing appeal from award of Workmen's Compensation Board in the case of Alois Lamlein v. Director General of Railroads, United States Railroad Administration Operating Philadelphia & Reading Railroad. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Appeal from Workmen's Compensation Board.

The facts are stated in the opinion of the Superior Court.

The court dismissed the appeal and affirmed the award of the Workmen's Compensation Board. Defendant appealed.

*Errors assigned* were the decree of the court and dismissing the defendant's exceptions.

*George Gowen Parry,* and with him, *Charlemagne T. Wolfe,* for appellant.—A brakeman on a local freight train, made up of cars from all parts of the country, is engaged in interstate commerce while cutting a car from the train and placing it on a siding: N. P. Ry. v. Washington, 222 U. S. 370; N. Y. C. R. R. v. Carr, 238 U. S. 260; Erie R. R. Co. v. Collins, 253 U. S. 77; Erie R. R. Co. v. Szary, 253 U. S. 86; P. & R. R. R. Co. v. Donato, 41 Supreme Court Reporter 516; P. & R. R. R. Co. v. Polk, 41 Supreme Court Reporter 518.

*Bryan A. Hermes,* for appellee.—The character of the commerce the employee is engaged in is to be determined by the work he was actually doing when injured: Knorr

v. C. R. R. N. J., 269 Pa. 172; Murray v. P. C. C. & St. L. R. R. Co., 263 Pa. 398; Hench v. P. R. R. Co., 246 Pa. 1; Chicago, etc., R. R. Co. v. Harrington, 241 U. S. 177.

There having been evidence to support findings of fact by the Workmen's Compensation Board, the findings will not be reviewed by the court: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Stahl v. Watson Coal Co., 268 Pa. 452.

OPINION BY LINN, J., November 21, 1921:

This appeal must be determined by the rule applied in the decision of Martini v. Director General of Railroads, in which an opinion was filed to-day. Appellee's son was killed while employed as a brakeman. Claiming to be dependent, appellee filed a petition for compensation under the state law. Appellant answered first, that the relation of the parties was controlled by the federal law, and second, denied that appellee was dependent. The referee found for claimant on both points; the compensation board affirmed; the common pleas dismissed an appeal and the case was brought here. As the judgment must be reversed on the first ground, we need not consider the second. We take the following statement of facts from the opinion filed by the board: "On July 3, 1919, Philip Lamlein was employed as a brakeman by the defendant company on a local freight train operating between Bethlehem, Pa., and Philadelphia, Pa. The duties of the local freight crew, of which Lamlein was a member, consisted of doing all the shifting, loading and unloading of freight at the various stations between Bethlehem and Philadelphia. On the day in question this train had proceeded south from Bethlehem, Pa., and consisted of engine No. 770 and five cars back of the engine, some of which contained interstate shipments. When the train arrived at Perkasie, the first stop north of Sellersville, Pa., a car of hay, P. & R. No. 16694, was picked up and placed ahead of the engine. At Sellersville, Pa., the first car back of the engine, N. C. & St. L.

No. 11356, was to be dropped, and in order to deliver this car in the yard it was necessary to cross over from the southbound to the northbound track. The train was cut back of car N. C. & St. L. No. 11356, and the engine, with car P. & R. No. 16694, ahead, and car N. C. & St. L. No. 11356, behind, proceeded to deliver the N. C. & St. L. car at Sellersville. Both of the cars attached to the engine were intrastate cars, and, while the Sellersville car was being placed in the yard, the brakeman, Lamlein, was struck and killed." Although the train carried interstate freight, the referee reported, "that at the time of the accident, the defendant was engaged in intrastate commerce and that Philip Lamlein was actually engaged in work incident to intrastate commerce, and not incident to interstate commerce." The board said, "The question in the case is what was the main purpose of the switching operation, which resulted in the death of Lamlein? For, if the main purpose was the delivery of the intrastate car, then the employee was engaged in intrastate commerce at the time of his death,......" The board however concluded by holding that, "Defendant has failed to meet the burden of proving that the decedent was engaged in interstate commerce, and the referee did not err in awarding compensation." This is a case in which we draw our own conclusions from the evidence without regard to the findings below, to the extent necessary to apply the federal law: Martini v. Dir. Gen. (supra), and we all agree that decedent was engaged in interstate commerce within the provisions of the federal law at the time of the accident. The conclusion of the board concerning the burden of proof shows that the case was disposed of under a misapprehension of the law. In Railway Co. v. Polk, (253 U. S. 480, 41 Sup. Ct. Rep. 518), it is said, "......if there be an assertion of the claim or remedy growing out of an occurrence in which there are constituents of interstate commerce the burden of explanation and avoidance is on

him who asserts the claim or remedy, not on the railway company to which it is directed......"

The evidence shows that this local freight train, operated by a train crew of which decedent was a member, was carrying freight consigned to or from more than half a dozen different states and Canada. The constituents of interstate commerce were therefore present. The fact that it was a local freight train operating between points in Pennsylvania is neither controlling nor even significant. The inquiry is, what did the train carry? Did it carry interstate shipments? The fact that with interstate freight it also carried intrastate shipments, which of necessity had to be disposed of enroute as consigned, could not eliminate from the general operation the "constituents of interstate commerce" present in virtue of interstate shipments, or disintegrate the "unity and indivisibility of the service of the train crew." In discussing a train movement between points in the same state carrying both intrastate and interstate freight, the Supreme Court through the late Chief Justice WHITE said, "This transportation was interstate commerce, and the train was an interstate train, despite the fact that it may also have been carrying some local freight. In view of the unity and indivisibility of the service of the train crew and the paramount character of the authority of Congress to regulate commerce, the act of Congress was exclusively controlling": Railway Co. v. State of Washington, 222 U. S. 370, at 375. In New York Central R. R. Co. v. Carr, 238 U. S. 260, it appeared that a brakeman was injured while switching to a siding a car containing only intrastate freight. The car had been part of a local or "pick-up" train operating between two points in the State of New York. Some cars in the train contained interstate freight. Two of them contained only intrastate freight to be left at North Tonawanda, New York. "On arriving at that point they were uncoupled from the train, pulled by the engine down the track, and then backed into a siding. It was the duty of

one brakeman (O'Brien), to uncouple the air hose from the engine, and for the other (Carr) to set the hand-brakes in order to prevent the two cars from rolling down upon the main track.  O'Brien, having failed to open the gauge to the stop-cock, suddenly and negligently 'broke' the air hose.  The result was that the sudden escape of air,—applied only in cases of emergency— violently turned the wheel handle attached to the brake which Carr at the time was attempting to set.  The wrench threw Carr to the ground and for the injuries thus suffered he brought suit in a state court."  He recovered a verdict under the federal employers' liability act.  The verdict was challenged by the railroad company upon the ground that by the state law Carr could not recover because the injury was caused by the negligence of a fellow servant, and to support that position the company insisted that when the two cars containing only intrastate freight were cut out of the train and backed into a siding they lost their interstate character so that Carr, while working thereon, was engaged in intrastate commerce and not entitled to recover under the federal statute.  The court said the character of the employment is not to be determined by the "physical position of the employee at the moment of injury."  So too, in considering the character of the employment of a flagman at a highway crossing, killed by a passenger train, where it did not appear whether the train was an interstate or intrastate train, the court said, "The service of a flagman concerns the safety of both commerces and to separate his duties by moments of time or particular instances of its exertion would be to destroy its unity and commit it to confusing controversies": Ry, Co. v. Di Donato, 253 U. S. 480, (41 Sup. Ct. Rep. 516).  See also R. R. Co. v. Collins, 253 U. S. 77; R. R. Co. v. Szary, 253 U. S. 86; Zimmerman v. W. U. Tel. Co., 77 Pa. Superior Ct. 127.  It follows from these decisions that the decedent's employment at the time of the accident was in interstate commerce within the provisions of the federal

law, and that appellee's remedy was not under the state law invoked by him.

The judgment is reversed and the record is remitted for proceedings consistent with this opinion.