### CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY *v.* TURPIN.

[No. 11,963. Filed October 16, 1924.]

1. MASTER AND SERVANT.—*Under Workmen's Compensation Act applicant for compensation for death of railroad employee must show that deceased was not engaged in interstate commerce.*—In an application for compensation for the death of a railway employee, the burden is on the applicant of showing that, at the time of his injury, the employee was not engaged in interstate commerce. p. 81.

2. MASTER AND SERVANT.—*Railroad employee held to be engaged in interstate commerce not within Workmen's Compensation Act.*—A railroad employee, while on his way from the yards to the depot to take a train to go to his day's work, consisting of repairing two cars, one of which was carrying intrastate commerce, and the other engaged in interstate commerce, was

engaged in interstate commerce, and consequently was not within the provisions of the Workmen's Compensation Law. p. 82.

3. TRIAL.—*Apparent conflict in testimony should be reconciled, if possible.*—A court or jury trying a cause should, if there is apparent conflict in the testimony of witnesses, make an honest attempt to reconcile the testimony on the theory that all of them are telling the truth, and no witness should be disbelieved because of mere caprice and without cause. p. 82.

4. MASTER AND SERVANT.—*Finding of Industrial Board on conflicting evidence is conclusive on appeal.*—The finding of the Industrial Board on conflicting evidence is conclusive on appeal and is binding on the Appellate Court, for the reason that it was in a better position than the court to judge of the weight to be given to the testimony of the several witnesses. p. 82.

5. MASTER AND SERVANT.—*Evidence held insufficient to sustain finding of Industrial Board that employee was not engaged in interstate commerce.*—Evidence *held* insufficient to sustain finding of Industrial Board that deceased railroad employee was not engaged in interstate commerce at time of injury resulting in his death. p. 83.

From Industrial Board of Indiana.

Proceeding under Workmen's Compensation Act by Etta B. Turpin to obtain compensation for the death of her husband, Robert L. Turpin, opposed by the Chicago, Milwaukee and St. Paul Railway Company, the employer. From an award for claimant, the defendant appeals. *Reversed.*

*Clark & Brooks, M. L. Bluhm* and *Beasley, Douthitt, Crawford & Beasley,* for appellant.

*R. L. Mellin* and *Boruff & Boruff,* for appellee.

McMAHAN, J.—On and prior to July 23, 1923, Robert L. Turpin was in the employ of appellant. He received an injury on said day by an accident arising out of and in the course of his employment, and died as a result of such injury. Appellee, being his wife and wholly dependent upon him for support, filed her application for compensation. From an award granting

compensation appellant appeals, and by proper assignment challenges the award on the ground that it is not sustained by sufficient evidence.

The only fact necessary to sustain the award and not agreed on related to the question as to whether or not the employee, at the time of his injury, was engaged in interstate commerce. The board found he was not engaged in interstate commerce. The only points raised and discussed by the parties relates to the correctness of this finding. If there is any evidence to sustain this finding, the award must be affirmed.

On the morning of July 23, 1923, appellant's assistant car foreman gave Mr. Turpin an order received from the car foreman to repair a certain car which had been set out at Cale, because of broken brass. This car was loaded with coal and was being used in intrastate commerce. After receiving this order, Mr. Turpin, while on his way to appellant's depot to take a train to Cale, was struck by a train on the Monon railroad and killed. On the night of July 20, a telegram was received by appellant's agent at Bedford, notifying him that a certain car at Williams was in need of repair. This telegram was given to Mr. Cooper, a repairman, on the morning of July 21, with directions to go to Williams that day and repair this car, which was then in use in interstate commerce and which had been interrupted in an interstate haul to be repaired and then to go on. It being Saturday, the repairmen quit work at noon. Mr. Cooper was, therefore, ordered to postpone the work until Monday, July 23, and did so. When Mr. Cooper returned to work Monday morning, knowing that Mr. Turpin was to do the repair work that day, he told Mr. Turpin about having received the order to repair this car at Williams and also told him that, on account of changing his clothing Sunday, he had lost the telegram or order and did not have it with him.

Section 19 of the Indiana Workmen's Compensation Act (Acts 1915 p. 392, §8020c1 Burns' Supp. 1921) provides as follows: "This Act except section 67 shall not apply to employes engaged in interstate or foreign commerce, nor to their employers, in case the laws of the United States provide for compensation or for liability for injury or death by accident of such employes."

Section 1 of the Federal Employers' Liability Act, (34 Stat. at L. 232, ch. 3073) provides that every common carrier by railroad while engaged in interstate commerce shall be liable in damages to any employee who is injured while engaged in interstate commerce.

The Supreme Court of the United States, in *Philadelphia, etc., R. Co.* v. *Polk* (1921), 256 U. S. 332, 41 Sup. Ct. 518, 65 L. Ed. 958, said, "if there be an assertion of the claim or remedy growing out of an occurrence in which there are constituents of interstate commerce, the burden of explanation and avoidance is on him who asserts the claim or remedy, not on the railroad company to which it is directed, * * *."

Appellee, in discussing this question says: "The mere fact that a person is employed by a railroad company in interstate commerce does not, of itself, take such

1. employee out from under the provisions of the Indiana Workmen's Compensation Act." This statement loses its force when it is remembered that the statute excepts from its provisions employees of railroads engaged in interstate commerce and such railroads from its provisions, and that the burden is on the employee, in order to be entitled to an award of compensation, to bring himself within the provisions of the act. In other words, the mere fact that an employee of a railroad is injured by reason of an accident growing out of and in the course of his employment is

Vol. 82—6

not sufficient to authorize an award of compensation. The injured employee must go further and prove that at the time of his injury, he was not engaged in interstate commerce. *Philadelphia, etc., R. Co.* v. *Polk, supra; Scanlon* v. *Payne, Director General* (1921), 271 Pa. 391, 114 Atl. 493; *Carberry* v. *Delaware, etc., R. Co.* (1919), 93 N. J. Law 414, 108 Atl. 364. See, also, *Pioneer Coal Co.* v. *Hardesty* (1921), 77 Ind. App. 205.

Appellant contends that the evidence, without conflict, shows that when Mr. Turpin was killed he was on his way from the yards of appellant to the depot where he was to take a train to go to his work, which was repairing a car at Cale carrying intrastate commerce, and that, on his return, he was also intending, as he had been directed to do, to repair another car at Williams which was engaged in interstate commerce. His going to the depot was a necessary part of the work he was to do that day. It was no more necessary and applicable to the repair of the car at Cale than it was to the repair of the car at Williams. If, as a matter of fact, he was on his way to the depot to take a train to take him to Cale and if it was a part of the work he was to perform before returning that he should stop at Williams and repair the car at that place, he was undoubtedly, at the time of his injury, engaged in interstate commerce. *Erie Railroad Co.* v. *Winfield* (1916), 244 U. S. 170, 37 Sup. Ct. 556, 61 L. Ed. 1057, Ann. Cas. 1918B 662; *Hinson* v. *Atlanta, etc., R. Co.* (1916), 172 N. C. 646, 90 S. E. 772; *Lopez* v. *Hines* (1923), 254 S. W. (Mo.) 37; *Atlantic, etc., R. Co.* v. *Williams* (1922), 284 Fed. 262; *Matthison* v. *Payne* (1922), 118 Atl. (N. J.) 771.

Assuming, without deciding, that the statement in the finding of the board that the deceased at the time of his injury was not engaged in interstate commerce is the statement of a fact and not a

conclusion of law, we proceed to an analysis of the evidence bearing on this question. It is a well-settled rule that a court or jury trying a cause should, if there is an apparent conflict in the testimony of any of the witnesses, make an honest attempt to reconcile the testimony of the witnesses upon the theory that all of them are telling the truth, and that no witness shall be disbelieved because of mere caprice and without cause. We have used the expression "apparent conflict," because, if there is any conflict in the evidence in the instant case, it is an apparent conflict and not a real conflict. If there were an actual conflict in the evidence, it would be our duty to sustain the finding of the board upon the theory that it was in a better position to judge of the weight to be given to the testimony of the several witnesses than we are. But, in our judgment, there is no conflict in the testimony of any of the witnesses. The witnesses stand unimpeached and their testimony uncontradicted.

The testimony of the several witnesses as to the receipt of the telegram asking that the two cars be repaired; that the telegram relating to the repair 5. of the car at Williams had been given on Saturday to an employee other than Mr. Turpin; that the telegram relative to the car at Cale was given to Mr. Turpin on Monday; that he was also told about the car at Williams and was directed to repair both of them; that he was told to go to Cale and repair that car first and to stop at Williams on his way back and repair the car at that place; that he had gotten the material to repair both of these cars and was on his way to the depot to take the train to do the work he had been directed to do when he was struck by a train on the Monon railroad and killed, and that the car at Williams was being used in interstate commerce, is uncontradicted. The message asking that the car at Cale be

repaired was found on the person of Mr. Turpin after his death by the undertaker, and, with other papers and effects so found, was turned over to appellee, who testified that, three or four weeks later, she had a conversation with Mr. Potts, in which she asked him if he had an order to repair the car at Cale and if he gave that order to Mr. Robbins and that Mr. Potts said he did. She also testified that Mr. Robbins said, in response to a question, that he gave this order to Mr. Turpin. Her brother and two brothers-in-law, also testified to conversation with Mr. Potts and Mr. Robbins in which they said Mr. Turpin had been ordered to or was on his way to Cale to repair a car. This testimony is not disputed. Accepting it, therefore, as being true, we fail to discover any conflict between it and the evidence that he had also been instructed to stop at Williams on his return and repair the car at that place, and that when killed he was on his way to the depot to take the train for the purpose of doing that which he had been instructed to do. There is no evidence that Mr. Turpin was not also going to repair the car at Williams on his way back from Cale. In fact, as we view the record, the uncontradicted evidence shows that he was on his way to repair both cars. We, therefore, hold that the uncontradicted evidence shows that the deceased employee was engaged in interstate commerce when injured. The result of this holding is that the award is contrary to law and must be reversed.