ALICE M. CAREY, as Administratrix, etc., of JOSEPH M. CAREY, Deceased, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.█

SEARS, J. (dissenting). I dissent on the ground that in my opinion the train movement in which the plaintiff's intestate was killed was not shown to have been so closely related to interstate commerce as to be a part of it. (*Shanks v. D., L. & W. R. R. Co.*, 239 U. S. 556.) The burden was on the plaintiff to establish this. (*Osborne v. Gray*, 241 U. S. 16.) Although the Schwartz grain was at all times moving in interstate commerce (*Cott v. Erie R. R. Co.*, 231 N. Y. 67; *Railroad Commission of Ohio v. Worthington*, 225 U. S. 101) the train operation in question was in no way connected with the movement of that particular grain nor is there proof that the grain movement through the elevators on the Burrows lot was such that all grain in these elevators was moving in interstate commerce. Storage of grain in the elevators was provided for and part of the grain being stored in the elevators may have ceased to be a part of interstate commerce. (*Coe v. Errol*, 116 U. S. 517; *Champlain Realty Co. v. Brattleboro*, 260 id. 366; *McCluskey v. Marysville & N. R. Co.*, 243 id. 36.) Grain was frequently shipped from the elevator to New York destination — in fact several of the cars in the train movement in which plaintiff's intestate was killed were subsequently used for such transportation. It cannot be said, therefore, that the cars were ordered for use in interstate commerce. (*Chicago Junction R. Co. v. Industrial Bd. of Illinois*, 277 Ill. 512; *Illinois Cent. R. R. Co. v. Behrens*, 233 U. S. 473; *Erie R. R. Co. v. Welsh*, 242 id. 303; *Matter of Parsons v. D. & H. Co.*, 167 App. Div. 536.) Taylor, J., concurs.