Peak *v.* Pennsylvania Railroad Company,
Appellant.

Argued December 18, 1935.

Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ.

*Philip Price,* with him *Joseph A. DeLacy* and *Barnes, Biddle & Myers,* for appellant.

*Maceo W. Hubbard,* with him *Raymond Pace Alexander,* for appellee.

OPINION BY PARKER, J., April 16, 1936:

In this workmen's compensation case the referee made an award in favor of the plaintiff for the death of her husband. On appeals, the award was affirmed by the board and the court of common pleas. A final decision depends upon whether the claimant's husband was engaged at the time of the accident in interstate or intrastate commerce. If the employee was engaged in interstate commerce, the federal Employer's Liability Act applies and recovery cannot be had under the state compensation laws: New York C. R. Co. v. Winfield, 244 U. S. 147, 37 S. Ct. 546. The issue is further limited to a determination of the question as to whether the burden of proof was on the plaintiff to show that the deceased was not engaged at the time in interstate commerce. In another appeal at this same term (Komar v. Penna. R. Co., 121 Pa. Superior Ct. 385, 184 A. 293,) the same question was raised and a different conclusion was reached in each court of common pleas. We think the position as to burden of proof taken by the court below in this case was correct.

Wilson Peak was injured while working on a switch controlling the tracks between the engine house, the terminal hump, the produce yards, and wharf at a point about 75 feet east of Broad Street in the South Philadelphia Terminal yards of the defendant company, and, it is conceded, while in the course of such employment. It appeared that locomotives passed over the switch going to and from the round house, that cars with coal and brick passed over it on their way to the terminal hump and that it was sometimes used by tank cars

loaded with oil. There was no evidence which indicated that the switch or connecting tracks were used in interstate commerce. The appellant, the Pennsylvania Railroad Company, in its argument asks us to take judicial notice of or assume that some of the rolling stock which moved over this switch was engaged in interstate commerce. The kind of work performed in the South Philadelphia yards is not of such notoriety that we may take judicial notice of it. Particularly, we may not assume that the switch on which Peak was working was one over which interstate commerce passed. "It is apparent that there was no evidence requiring the conclusion that the deceased was engaged in interstate commerce at the time of his injury, and we are asked to supply the deficiency by taking judicial notice that the cars came from without the state. This contention we are unable to sustain. The make-up of trains and the movement of cars are not matters which we may assume to know without evidence": Osborne v. Gray, 241 U. S. 16, 36 S. Ct. 486, 487. If that assumption could be made it would be an end to the case. An employee engaged in repairing a bridge or track regularly used in both interstate and intrastate commerce is employed in interstate commerce: Pedersen v. Delaware, L. & W. R. Co., 229 U. S. 146, 33 S. Ct. 648. Not only so, but where an employee is engaged in repairing a railroad facility used at the time in both interstate and intrastate commerce, the presumption is that he is engaged in interstate commerce and the burden is on a claimant to overcome this presumption before he can recover: Bauchspies v. Central R. Co. of N. J., 287 Pa. 590, 135 A. 728.

Since there was not any evidence showing the character of transportation in which Peak was employed at the time and there was an absence of any evidence as to whether the traffic which passed over this switch

was interstate or intrastate, it becomes necessary to consider upon whom the burden of proof lay or who was required to "go ahead."

In the case of Di Donato v. Phila. & R. Ry. Co., 266 Pa. 412, 109 A. 627, a flagman was engaged by the railroad as a watchman at a public crossing used by both interstate and intrastate traffic and his employment concerned both. Di Donato was killed by a train and it was not shown whether the particular train which caused the accident was engaged in interstate or intrastate transportation. The Supreme Court of this state held that the burden of proof was on the railroad to show the character of transportation in which the employee was engaged at the time he was injured and since there was no proof that he was engaged in interstate transportation, the claimant was entitled to recover under the state compensation law. On appeal the United States Supreme Court (256 U. S. 327, 41 S. Ct. 516) reversed the state court and held that the flagman was engaged in interstate transportation even though the train which injured him was an intrastate train. It is important to note that in that case the duties of the employee were not separable.

In Polk v. Phila. & R. Ry. Co., 266 Pa. 335, 109 A. 627, our state Supreme Court likewise held that the burden was on the railroad to show that the employee was engaged in interstate transportation. This case was also reversed by the United States Supreme Court (256 U. S. 332, 41 S. Ct. 518). There Polk, when injured, was employed on a freight train and at the time of the occurrence the company was a common carrier by rail engaged in both kinds of commerce. The train was loaded with commodities, some of which were bound from points outside the state and some of which were passing through the state to points outside. The federal Supreme Court said: "Besides, we cannot accede to the view that there is a presumption that

duties performed on a train constituted of interstate and intrastate commerce were performed in the latter commerce. The presumption, indeed, might be the other way. It is to be remembered that it is the declaration of the cases that if there is an element of interstate commerce in a traffic or employment it determines the remedy of the employee......It would seem indisputable, therefore, if there be an assertion of the claim or remedy growing out of an occurrence in which there are constituents of interstate commerce the burden of explanation and avoidance is on him who asserts the claim or remedy, not on the railway company to which it is directed, and there is nothing in Osborne v. Gray, 241 U. S. 16, 36 Sup. Ct. 486, 60 L. Ed. 865, in opposition. Indeed, the court was asked in that case to do what the referee and the Supreme Court in this case have done; that is, to assume to know things of which there is no evidence."

We deem these cases to be authority for the proposition that where from the evidence produced it appears that there are present in an occurrence of the character we are now considering constituents of interstate commerce, the burden of explanation and avoidance is upon him who asserts the claim and not on the railroad company, and no more. Such constituents were present in the Di Donato and the Polk cases. They were likewise present in Lamlein v. Director Gen. of R. R., 77 Pa. Superior Ct. 534; Scanlon v. Payne, 271 Pa. 391, 114 A. 493; and Elder v. Penna. R. R. Co., 118 Pa. Superior Ct. 137, 147, 180 A. 183.

The United States Supreme Court in deciding the Polk case indicated very clearly that they were not overruling the case of Osborne v. Gray, supra. That case is authority for the position that we have taken. There was involved a question as to whether the proofs had shown that the plaintiff was injured while engaged in interstate transportation, and just as here, there was no direct proof that he was so engaged.

We are urged to take a step much farther forward than is warranted by the Di Donato and Polk cases. Although there was no proof that the defendant at times engaged in both interstate and intrastate transportation, it is a fact known to all and we may take judicial notice of it. Assuming such to be the fact, it does not follow that that railroad company may not engage in activities that are strictly intrastate, and that some employees may never engage in interstate transportation and others may frequently be engaged for the time in intrastate transportation. We have here no proof that the defendant was at the time of the accident engaged in interstate transportation or any facts from which such an inference may be drawn. We do not believe the correct rule to be that in every compensation case arising under the state laws, the burden is cast upon the claimant to show that he was not engaged in interstate commerce when it appears merely that the employer is at other times engaged in transportation of each class.

The appellant correctly states the law to be that the burden of proof is upon a claimant in a compensation case to establish that the employee met with an accident within the provisions of the compensation law (O'Neill v. Lehigh C. & N. Co., 108 Pa. Superior Ct. 425, 430, 165 A. 60; Whitecavage v. P. & R. C. & I. Co., 116 Pa. Superior Ct. 540, 543, 176 A. 757), but under that law an employer is synonymous with master and includes natural persons, corporations, and partnerships, etc. without any limitations that are here material, and the state compensation law is only superseded by the federal Employers' Liability Act when the employee is engaged in interstate transportation or in work so closely related to it as to be practically a part of it, including the repairing or keeping in usable condition the tracks and facilities then in use in such transportation: Shank's v. D. L. & W. R. Co., 239 U.

S. 556, 36 S. Ct. 188. While the federal Employers' Liability Act is paramount to the state compensation laws in the domain of interstate commerce, not only is the state law paramount in the field of intrastate commerce so long as interstate commerce is not adversely affected, but Congress has not pretended to invade that field. Unless it appears that there are constituents of interstate commerce involved in the occurrence we see no reason why a claimant should be required to prove that it was not involved.

In discussing burden of proof, Professor Wigmore (5 Wigmore on Evidence, §2486) says: "The truth is that there is not and cannot be any one general solvent for all cases. It is merely a question of policy and fairness based on experience in the different situations."

In addition we are here dealing with a negative assertion and one peculiarly within the knowledge of the defendant. While these are not conclusive tests, they are at least sign posts. We do not believe that either policy or fairness would support the rule contended for by the appellant and compel a claimant, when he makes a claim against a public carrier, to prove in every case that the occurrence did not involve interstate commerce.

The appellant cites Hart v. Central R. Co. of N. J. (N. J.), 147 A. 733, and Rossi v. Penna. R. R. Co. (N. J.), 178 A. 77, but in each of these cases there was evidence as to the character of work being performed by the employer at the time and there was no discussion of the principle here involved. In Chicago, M. & St. P. Ry. Co. v. Turpin (Ind.), 145 N. E. 316, there were also facts from which it could be determined that the employee was engaged in interstate commerce and the discussion of the question of burden of proof is based upon a provision in the statute of Indiana that is not contained in our statute. What we have said with reference to the Indiana and New Jersey decisions is likewise applicable to the case of Atchison, T. & S. F.

Ry. Co. v. Industrial Comm., 290 Ill. 590, 125 N. E. 380, cited by the claimant, and although a certiorari was denied (252 U. S. 583), it may well have been on grounds other than a question of burden of proof. On the facts involved we find nothing in any of the cases cited inconsistent with our conclusions.

We therefore hold that in cases arising under the compensation laws of this state, even though it appears that the employer at times engages in both interstate and intrastate transportation, the burden is on the employer to show at least that there are involved in the occurrence constituents of interstate commerce. If such constituents appear from the evidence, the burden of "explanation and avoidance" then shifts to the claimant.

As the facts essential to a correct determination of the claim were not developed at the hearing, we are all of the opinion that the record should be returned to the board for the purpose of taking further testimony. This appears to us the proper course and is peculiarly so by reason of the conclusion that we reach in the case of Komar v. Penna. R. R., supra.

Judgment reversed with directions to remit the record to the Workmen's Compensation Board for the purpose of further hearing and findings in accordance with this opinion.