NEW JERSEY MISCELLANEOUS REPORTS.    795

N. J. Dept. Labor—Lutes v. Central Railroad Co.

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

EMMA G. LUTES, PETITIONER, v. THE CENTRAL RAIL-
ROAD COMPANY OF NEW JERSEY, RESPONDENT.

Interstate and Intrastate Commerce—Circumstances Under
Which Injury Was Received Reviewed—Statement of Law
Regarding Limitations Between Interstate and Intrastate
Commerce.

For the petitioner, *Arthur Lovell*.

For the respondent, *DeVoe Tomlinson*.

\*    \*    \*    \*    \*    \*    \*    \*    \*

Decedent was a trainman or flagman in the employ of the respondent, and was a member of the crew of freight train EQ-3. The accident, which resulted in the death of the decedent, occurred in the Elizabethport yards of the respondent railroad company. At such time the decedent was riding on a caboose and was on his way to his train, which was loaded and ready to start out as soon as the engine of said train should be attached to the head end thereof and the said caboose, on which decedent was riding as aforesaid, should be attached to the rear end thereof. The decedent received the injuries in question by falling under the wheels of such caboose while stepping or alighting therefrom.

The decedent was going to said train EQ-3 for the purpose of performing his duties in connection therewith. His first duty in connection with such train was to inspect the train, which inspection consisted in looking at the brakes, looking at the air hose, and generally in ascertaining and determining whether or not the train was safe to operate. After having performed such duty and work of inspection, his subsequent duties were those of an ordinary brakeman and flag-

man, *i. e.*, performing the work of flagging the train, of signaling, of applying the brakes whenever required, and generally in performing all duties required of an ordinary trainman with reference to the operation of a freight train.

Train EQ-3, of which decedent was a member as aforesaid, ran between Elizabethport, New Jersey, and Asbury Park, New Jersey, and neither the decedent nor any other member of the crew was required to go outside of the State of New Jersey in the performance of his duties in connection with said train. However, said train EQ-3 contained, not only intrastate freight, *i. e.*, freight originating within the State of New Jersey and destined to points within the State of New Jersey, but also interstate freight and interstate cars, *i. e.*, shipments and cars originating without the State of New Jersey and destined to points within the State of New Jersey, and shipments and cars originating within the State of New Jersey and destined to points without the State of New Jersey.

In this proceeding the burden was, of course, upon the petitioner to prove affirmatively that at the time of the accident the decedent, Lutes, was engaged in intrastate commerce. *Carberry* v. *Delaware, Lackawanna and Western Railroad Co.*, 93 *N. J. L.* 414; *Lincks* v. *Erie Railroad Co.*, 91 *Id.* 166. The petitioner, however, not only failed to prove such engagement in intrastate commerce, but the evidence showed that at the time of the accident the decedent was engaged in interstate commerce. Although the specific train on which decedent was employed was not to go outside of the State of New Jersey, yet such train contained interstate traffic, and, since it contained such interstate traffic, it was, consequently, engaged in interstate commerce. It is immaterial, therefore, that the train also contained intrastate traffic, and was therefore also engaged in intrastate commerce, for if there is an element of interstate commerce in a traffic or employment, that determines the remedy of the employe. *Philadelphia and Reading Railway Co.* v.

*Polk,* 256 *U. S.* 332: *Philadelphia and Reading Railway Co.* v. *DiDonato,* 256 *Id.* 327; *Pederson* v. *Delaware, Lackawanna and Western Railroad Co.,* 229 *Id.* 146. This principle was well illustrated in the case of *Northern Pacific Railway Co.* v. *Washington,* 222 *Id.* 370, where the court said, *inter alia:*

"The train, although moving from one point to another in the State of Washington, was hauling merchandise from points outside of the state destined to points within the state and from points within the state to points in British Columbia. * * * This transportation was interstate commerce, and the train was an interstate train, despite the fact that it may also have been carrying some local freight."

The fact that the decedent had not yet actually reached his train is immaterial. At the time of the accident he was in the yard of the respondent on his way to his train, which he was to board in said yard. In this connection, therefore, the instant case is controlled by *Erie Railroad Co.* v. *Winfield,* 244 *U. S.* 170 (at *p.* 173), wherein the United States Supreme Court said, *inter alia:*

"In leaving the carrier's yard at the close of his day's work the deceased was but discharging a duty of his employment. See *North Carolina Railroad Co.* v. *Zachary,* 232 *U. S.* 248, 260. *Like his trip through the yard to his engine in the* morning, it was a necessary incident of his day's work, and partook of the character of that work as a whole, for it was no more an incident of one part than of another. His day's work was in both interstate and intrastate commerce, and so, when he was leaving the yard at the time of the injury, his employment was in both. That he was employed in interstate commerce is therefore plain, and that his employment also extended to intrastate commerce is, for present purposes, of no importance."

Since the decedent was engaged in interstate commerce at the time he met with the injuries which resulted in his death, the provisions of the New Jersey Workmen's Compensation

act can have no application, and the workmen's compensation bureau has no jurisdiction. *Rounsaville* v. *Central Railroad Co. of New Jersey*, 90 *N. J. L.* 176; *New York Central Railroad Co.* v. *Winfield*, 244 *U. S.* 147.

The petition should, therefore, be dismissed.

\*  \*  \*  \*  \*  \*  \*  \*  \*

CHARLES E. CORBIN,
*Deputy Commissioner.*