# Mayers *v.* The Union Railroad Company, Appellant.

*Negligence—Railroads—Master and servant—Federal Employers' Liability Act—Application.*

1. The question whether cars which caused personal injuries were engaged in interstate or intrastate commerce at the time of an accident depends on their employment at the time and not upon remote probabilities or upon accidental later events.

2. Where in an action against a railroad company to recover damages for injuries sustained by an employee in consequence of being struck by an engine, it appeared that the engine and the train attached to it had finished some interstate business, but had not yet begun upon any other, and it did not appear whether their next work was to be in interstate or intrastate transportation, the Federal Employers' Liability Act has no application: Minneapolis & St. Louis Railroad Company v. Winters, 242 U. S. 353, followed.

Argued Oct. 11, 1916. Appeal, No. 92, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1914, No. 1862, on verdict for plaintiff, in case of Nick A. Mayers v. The Union Railroad Company. Before Brown, C. J., Mestrezat, Potter, Stewart and Frazer, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Evans, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $7,402.50 and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points and instructions to the jury.

*William A. Seifert,* with him *Reed, Smith, Shaw & Beal,* for appellant.

*F. C. McGirr,* with him *John E. Laughlin,* for appellee.

PER CURIAM, February 19, 1917:

If the Federal Employers' Liability Act does not apply to the facts in this case, the plaintiff is not entitled to recover. The learned court below was of opinion that it did apply, under our cases, and sustained a verdict against the defendant. The question is a federal one, and the decision of State courts as to the application of the act of congress to any particular case must yield to those of the Supreme Court of the United States. In view of its latest utterance, in an opinion by Mr. Justice HOLMES, filed January 8, 1917, in The Minneapolis & St. Louis R. R. Co. v. Winters, 242 U. S. 353, this judgment must be reversed. The engine which struck the plaintiff and the cars which had come from Ohio had finished some interstate business, and had not yet begun upon any other. Their next work, so far as appears, might have been interstate or confined to Pennsylvania, as it should happen. At the moment the plaintiff was injured they were not engaged in either. Their character as instruments of commerce depended on their "employment at the time, not upon remote probabilities or upon accidental later events."

Judgment reversed.