## Tilli, Admr., Appellant, *v.* Philadelphia & Reading Ry. Co.

*Master and servant—Railroad employee—Death—Federal Employers' Liability Act—Interstate commerce—Nonsuit.*

A nonsuit is properly entered in an action brought under the Federal Employers' Liability Act to recover for the death of an employee who was struck by a train, where it appears that the tunnel in which the decedent was working when he was killed, was not used by the railroad in the business of interstate commerce.

Argued Jan. 10, 1919. Appeal, No. 56, Jan. T., 1919, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1915, No. 3780, refusing to take off nonsuit in the case of Enrico Tilli, Administrator of the Estate of Vincenzo Tilli, deceased, v. Philadelphia & Reading Railway Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass under Federal Employers' Liability Act to recover damages for death of plaintiff's decedent. Before ROGERS, J.

The court entered a nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned,* among others, was refusal to take off nonsuit.

*John J. McDevitt, Jr.,* with him *Samuel S. Herman* and *Harry A. Gorson,* for appellant.

*William Clark Mason,* for appellee.

Per Curiam, February 17, 1919:

This action was brought under the Federal Employers' Liability Act.   At the threshold of the trial below plain-tiff undertook to show by the first two witnesses called that when the decedent was killed the defendant com-pany was engaged in interstate commerce, but their tes-timony was just to the contrary.   The tunnel in which he was working when struck by a train was not used at all by the defendant in the business of interstate com-merce, and the judgment of nonsuit could not have been withheld: Hench v. Pennsylvania R. R. Co., 246 Pa. 1; Mayers v. Union R. R. Co., 256 Pa. 474.

Judgment affirmed.