Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN R. EVANS, Respondent, for Compensation under the Workmen's Compensation Law, *v.* UNITED STATES RAILROAD ADMINISTRATION (NEW YORK CENTRAL RAILROAD), WALKER D. HINES, as Director General of Railroads, Employer and Self-Insurer, Appellant.

Third Department, May 5, 1920.

**Workmen's Compensation Law — brakeman handling intrastate freight on train engaged in interstate commerce.**

A brakeman on a local freight train carrying interstate shipments who, in addition to his work as brakeman, acted as flagman, assisted in switching cars to and from his train and helped in loading and unloading less than car lots at way stations, is engaged in interstate commerce while transferring an intrastate shipment from a car standing on a switch to a car in the train on which he is working, and he is not entitled to an award under the Workmen's Compensation Law for an injury received while engaged in making such transfer.

JOHN M. KELLOGG, P. J., dissents.

APPEAL by the defendant, United States Railroad Administration (New York Central Railroad), Walker D. Hines, as Director General of Railroads, from a decision and award of the State Industrial Commission made on the 24th day of October, 1919.

*Visscher, Whalen & Austin,* for the appellant.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The claimant was a brakeman on a local freight running between Watertown and Ogdensburg. The train was made up of intrastate cars, but carried a few packages of interstate freight. It was the duty of the claimant, in addition to his work as brakeman, to act as flagman to warn other trains, to assist in switching cars taken from or to be added to his train, and to help in loading or unloading less than carload freight at various way stations. At the time of the infliction

of the injury complained of the train had stopped at Philadelphia, N. Y., alongside a freight car standing on a switch. The claimant had gone aboard this car, and was handling a barrel of oil, when another barrel fell against his hand, injuring one of his fingers so that amputation afterwards became necessary. It was the purpose of the claimant to roll the barrel from the car in which he was working over a plank into a car of his own train. As the local train carried interstate as well as intrastate freight it is not doubted that the claimant was generally employed in interstate transportation. It is urged, however, that at the moment the duties of the claimant were not interstate, for the reason that he was transferring an intrastate package from a stationary car for shipment upon the train to a local point. It has been held that a brakeman on a train containing both intrastate and interstate cars, while engaged in cutting out from the train an intrastate car, in order that the train might proceed upon its interstate journey, is engaged in interstate commerce. (*N. Y. C. R. R. Co.* v. *Carr,* 238 U. S. 260.) If the cutting out of an intrastate car from an interstate train is interstate work, then the work of adding such a car to such a train, performed by a brakeman upon the train, must also be interstate. Consequently, the work of removing an intrastate package from a car of such a train, or of transferring an intrastate package to such a car, when performed by one of the brakemen of the train, must equally well be interstate. The transfer of the package might originate an intrastate shipment, but it would likewise serve an interstate purpose, for the transportation of interstate packages could not proceed until the transfer was complete. It would introduce great confusion if it were held that whenever a brakeman on an interstate train laid hands upon an intrastate package, or whenever a conductor of such a train took up a ticket from an intrastate passenger, the interstate character of the employment would momentarily be lost, to be again resumed at a subsequent moment, so that duties would be constantly shifting back and forth between interstate and intrastate work. It seems to me that the general duty of furthering interstate transportation continues to engage a trainman even though

the train stops in order that he may load on an intrastate package. For these reasons the award to claimant for the injury to his finger should be reversed.

The award is reversed and the claim dismissed.

All concur, except John M. Kellogg, P. J., dissenting.

Award reversed and claim dismissed.