Before STATE INDUSTRIAL BOARD, Respondent.

MICHAEL STONE, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, January 7, 1925.

**Workmen's compensation — interstate commerce — claimant was injured while getting grease preparatory to greasing railroad engines, some of which were used in interstate commerce — claimant was engaged in interstate commerce.**

The claimant, who was injured while getting grease preparatory to greasing railroad locomotives some of which were engaged in interstate commerce, was, at the time of the accident, himself engaged in work pertaining to interstate commerce.

APPEAL by the defendant, The New York Central Railroad Company, from an award of the State Industrial Board, made on the 29th day of April, 1924.

*Whalen, Murphy, McNamee & Creble* [*Robert E. Whalen* of counsel], for the appellant.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General;* of counsel], for the respondents.

COCHRANE, P. J.:

This claim should have been dismissed because the claimant was engaged in work pertaining to interstate commerce. His duty was to grease or lubricate engines as they were about to start on their trips. His duty applied to all engines whether they were about to haul interstate or intrastate trains. On the morning of the accident he began work about eight o'clock. He was injured fifteen or twenty minutes thereafter. With his hands he removed the dope or lubricating material from the container where it was kept into two pails in which he was to carry the dope to the engines a short distance away. His hands being soiled by this process after filling the pails he seized a quantity of waste to clean his hands. In the waste was concealed a piece of wire which cut one of his fingers for which injury with its results the award has been made. He continued with his work after receiving the cut or abrasion and greased or lubricated various engines which at the time had been designated to haul particular trains in both kinds of commerce. His finger became infected and resulted in a more serious injury that at the time of the accident seemed apparent.

In *Erie Railroad Company* v. *Szary* (259 Fed. 178) the employee was an engine sander. He prepared the sand to be used and placed it in the engines irrespective of whether they were engaged in interstate or intrastate commerce. The sand before being used was dried in stoves kept for the purpose and it was part of the employee's work to remove the ashes from the stove. About half an hour after sanding the last engine he removed the ashes from the stove and carried them in a pail to an ash pit. After emptying the pail he left it on the ground and went to the engine room to get a drink of water and in returning was hit by an engine. It was held that it was an interstate commerce case. In affirming a judgment in his favor the Supreme Court (in 253 U. S. 86) said: " There are attempts here, to separate the duty and assign it character by intervals of time, and distinctions between the acts of service. Indeed, something is attempted to be made of an omission, or an asserted omission, in the evidence, of the kind of commerce in which the last engine served was engaged. The distinctions are too artificial for acceptance. The acts of service were too intimately related and too necessary for the final purpose to be distinguished in legal character." In the present case claimant

had not yet applied the dope to any particular engine but that ground of distinction seems unimportant. He was engaged in the preparatory work which had reference to both classes of commerce. It is not possible to separate these necessary acts of preparation with reference to the two kinds of commerce. Part of the dope in the pails could not be apportioned to one commerce and part to another. It was for use and was to be used in both commerces. If there be any point in this alleged distinction we think it is fully met by the case of *Erie Railroad Company* v. *Collins* (253 U. S. 77). There the employee operated a signal tower and water tank for supplying water to engines in whichever commerce engaged. Water was pumped into the tank from a well by a gasoline engine. The employee was starting the engine for the purpose of pumping the water into the tank when the gasoline exploded injuring him. The work he was doing was merely preparatory to supplying the engines with water. As in the present case his work was initiatory. There the water had not reached the engine, here the dope had not reached the engine. The court first considered the question in connection with his work as a signalman but subsequently said: " It may be said, however, that this case is concerned exclusively with what was to be done, and was done, at the pump house. This may be true, but his duty there was performed and the instruments and facilities of it were kept in readiness for use and were used on both commerces as was demanded, and the test of the cases satisfied." Where the work being done is so closely related to interstate commerce as to be practically a part of it, it is deemed to be work in that kind of commerce. (*Pedersen* v. *Delaware, Lackawanna & Western Railroad Company,* 229 U. S. 146; *Shanks* v. *Delaware, Lackawanna & Western Railroad Company,* 239 id. 556.) In *Philadelphia & Reading Railway Company* v. *Polk* (256 U. S. 332) the court said: " It is the declaration of the cases that, if there is an element of interstate commerce in a traffic or employment, it determines the remedy of the employee." Such was the character of the work of the claimant, and applying the principles of the foregoing cases his claim may not be sustained.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.