JOHN LARKIN, Appellant, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Respondent.

JOHN LARKIN, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

First Department, December 28, 1928.

*Nathan S. Jerome* of counsel [*Jacob Klein*, attorney], for the appellant.

*E. R. Brumley* of counsel [*William Mann* with him on the brief; *John M. Gibbons*, attorney, for the respondent the New York, New Haven and Hartford Railroad Company; *Alexander S. Lyman*, attorney for the respondent New York Central Railroad Company], for the respondents.

PROSKAUER, J. The plaintiff was employed by the defendant railroads to sort baggage and transport it from a baggage room in the Grand Central Station to baggage cars. In the discharge of his duties he used a baggage truck. Injured because of certain defects in the truck, he brought this action under the provision of the Federal Employers' Liability Act█ to recover damages. The complaint has been dismissed upon the sole ground that the plaintiff was not at the time of the accident engaged in interstate commerce.

Plaintiff testified that he had been instructed to sort out certain baggage consisting both of trunks and theatrical scenery, then to transport the scenery to a baggage car, and then to return and deliver to a baggage car the remainder of the baggage. He had placed the scenery upon the baggage car and was returning for

the trunks at the time the accident occurred. The record does not disclose whether the shipment of scenery was interstate or intrastate. The plaintiff tendered evidence, however, of the destination of the remainder of the baggage, evidently intending to prove that it was consigned for interstate shipment. This proof was rejected by the trial court over the exception of the plaintiff.

The precise question raised by this appeal is whether the plaintiff's employment at the time he was injured could be given an interstate character by reason of the fact that the trunks for which he was returning were to be shipped to destinations outside of the State. The situation here disclosed is essentially different from the one before the court in *Illinois Central R. R. Co.* v. *Behrens* (233 U. S. 473). There the employee was killed while moving cars all loaded with intrastate freight; he had no instructions to perform any other service thereafter; there was a general expectation that after he had completed his work upon the particular car on which he was killed, he was to gather up several other cars " as a step or link in their transportation to various destinations within and without the State." He was thus engaged upon a number of separate and independent tasks, and Mr. Justice VAN DEVANTER writes: " That he was expected, upon the completion of that task, to engage in another which would have been a part of interstate commerce is immaterial under the statute, for by its terms the true test is the nature of the work being done at the time of the injury."

Similarly, in *Erie Railroad Co.* v. *Welsh* (242 U. S. 303), the employee, engaged in intrastate labor, was injured while he was attempting to alight from a railroad train to report for further orders. He had received no such orders. It was proved that the orders he would have received would have taken him into the field of interstate commerce, but it was held that he could not rely upon the provisions of the Employers' Liability Act because the particular task upon which he was engaged when injured was entirely separate and distinct from the interstate task to which he would have been subsequently assigned. Mr. Justice PITNEY writes: " By the terms of the Employers' Liability Act the true test is the nature of the work being done at the time of the injury, and the mere expectation that plaintiff would presently be called upon to perform a task in interstate commerce is not sufficient to bring the case within the act."

The true test, in the language of Mr. Justice PITNEY, is " whether the series of acts that he had last performed was properly to be regarded as a succession of separate tasks or as a single and indivisible task."

Application of that test differentiates the case at bar from these authorities relied upon by the respondent.

The plaintiff here had one task to perform. He was to sort the baggage and to load it upon cars; he received one instruction to perform that one task. I do not hold that the express instruction alone is the criterion. The instruction is evidence of the entirety of the task. Factually he was engaged in the performance of that one task when he started upon his return trip to the baggage room after the delivery of the scenery. Assuming, as we must upon this appeal, that the trunks for which he was returning were to be transported outside of the State, he was in fact engaged upon an interstate task from the moment he began his work and certainly at the time that he was returning to the baggage room for these interstate shipments. The plaintiff's task of sorting interstate and intrastate baggage and transporting it from the baggage room imposed upon him duties which cannot fairly be regarded " as a succession of separate tasks." (*N. Y. Central & H. R. R. R. Co.* v. *Carr*, 238 U. S. 260; *Carberry* v. *D., L. & W. R. R. Co.*, 93 N. J. Law, 414; 108 Atl. 364.) It was error, therefore, to exclude evidence as to the destination of the trunks.

The judgments appealed from should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

McAvoy and O'Malley, JJ., concur; Dowling, P. J., and Merrell, J., dissent.

Merrell, J. (dissenting). The actions were brought to recover for personal injuries which plaintiff alleges he sustained as the result of the negligence of the defendant in each case. Plaintiff was employed by defendant in each action as a mail and baggage porter and in the prosecution of his work drove an electric baggage truck. During the progress of his work he found that the brakes were out of order and made complaint to his boss, who promised to have the same repaired. On the day following making this complaint the plaintiff was first directed to sort out certain papers and baggage which had reached the baggage room destined for various points, some within the State and some without the State. He was directed to haul the scenery on an electric truck to a baggage car on a certain track and directed to use the same truck which he had found defective. His boss informed him that the brakes had been repaired. His first load consisted of a piece of scenery. He was unable to state the destination of such scenery. With his load of scenery he proceeded to the elevator and descended to the island platform and to the baggage car, a distance of 150 feet, where he

discharged from his truck the scenery and placed the same in the baggage car. He then started to return with his truck to the baggage room from which he had first started. He found in attempting to stop his truck that the brakes would not work. The truck ran to the brink of the platform, when he jumped down therefrom and the truck went off the platform. At the same time the truck struck the plaintiff and threw him to the track and fell upon him injuring him.

Plaintiff sued under the Federal Employers' Liability Act, and in order to recover in the actions it was necessary for him to show that at the time he received his injuries he was engaged in interstate commerce. He was injured on his return trip to the baggage room after delivering the truckload of scenery to the baggage car. It is claimed that the court erred in refusing to permit the plaintiff to prove the destination of certain baggage which plaintiff testified he was directed by his boss to deliver upon his return to the baggage room after delivering the scenery. He testified that before taking the scenery he had been engaged about an hour in sorting baggage, and that he intended to go back for the rest of the baggage he was sorting out before he came down with the last piece of scenery. He testified that his superintendent told him to take the piece of scenery down to track 35, and that when he had run it down there and put it aboard the train, to come back for the baggage that he had been sorting out.

The question presented upon this appeal was as to whether the plaintiff, at the time he was injured, was engaged in an interstate commerce operation. Concededly his injuries were sustained on his return after delivering at the baggage car the scenery in question, which the plaintiff was unable to say was destined to a point outside the State of New York. Therefore, so far as the delivery of the scenery was concerned, there was no sufficient evidence upon which the court could have found that the plaintiff was engaged in interstate commerce. The court held and the respondent urges upon this appeal that it made no difference what baggage the plaintiff was ordered to take down to the train or where it was to go. I think the court correctly held, as the defendant, respondent, contends, that at the time of his injury the plaintiff was not engaged in interstate commerce. At that time he was merely engaged in completing his trip on the mission of delivering the scenery, which was not shown to be an act of interstate commerce. I think it was immaterial as to where the other baggage which he had sorted was to be delivered, as he was not injured at a time or in connection with the delivery of such baggage. The plaintiff, at the time of

his injury, was operating this motor truck in the transportation of baggage and express matter from the baggage room in the Grand Central Terminal in New York city to trains in the terminal. The operation of this truck on which he was injured had nothing to do with the sorting of the baggage in which he had been engaged. At the time of the accident the plaintiff was delivering scenery to a car, the destination of which was not shown, and, therefore, at the time of his injury it did not appear that he was engaged in interstate commerce. In the case of *Illinois Central R. R. Co.* v. *Behrens* (233 U. S. 473) the deceased was engaged as a fireman of a switch engine. The duty of the crew of the engine consisted in moving interstate and intrastate cars in the city of New Orleans. Both classes of cars were handled indiscriminately. At the time of the collision when the intestate was killed the crew was moving cars containing freight destined within the State of Louisiana. After such job was completed the crew was to gather up and take to other points cars destined both within and without the State. The court in its opinion in that case stated, as to the decedent: " That he was expected, upon the completion of that task, to engage in another which would have been a part of interstate commerce is immaterial under the statute, for by its terms the true test is the nature of the work being done at the time of the injury." So, in the case at bar, the nature of the work of the plaintiff at the time of his injury was returning from transporting the scenery, the destination of which was unknown. I think it entirely immaterial. that the plaintiff had been directed and it was his intention, upon completion of such delivery, to deliver the baggage which he had separated, and which may have been destined to another State. I, therefore, think the court correctly held that it was quite immaterial as to where other baggage than that which the plaintiff was at the time of his injury engaged in delivering, was destined. I think the real test was as to what work the plaintiff was doing at the time he received his injuries. Had he been engaged in delivering baggage which he could testify was destined out of the State, then there is no question that he could have recovered upon proper proof of negligence, but at the time of his injury he was not engaged in moving such baggage.

The appellant cites *N. Y. Central & H. R. R. R. Co.* v. *Carr* (238 U. S. 260), but the United States Supreme Court held in that case (p. 263): " Each case must be decided in the light of the particular facts with a view of determining whether, at the time of the injury, the employé is engaged in interstate business, or in an act which is so directly and immediately connected with such business as substantially to form a part or a necessary incident thereof." In

*Erie Railroad Co.* v. *Welsh* (242 U. S. 303) the court said (at p. 306): " By the terms of the Employers' Liability Act the true test is the nature of the work being done at the time of the injury, and *the mere expectation that plaintiff would presently be called upon to perform a task in interstate commerce is not sufficient to bring the case within the act.*" (Citing *Illinois Central R. R. Co.* v. *Behrens,* 233 U. S. 473, 478.) (Italics are the writer's.)

I, therefore, think that the court properly refused to receive evidence as to the destination of other baggage than that in which the plaintiff was immediately engaged in transferring, and that the court very properly granted the motion of the defendants to dismiss the complaints on the merits.

The judgments appealed from should be affirmed, with costs.

DOWLING, P. J., concurs.

In each case: Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.