## Komar, Appellant, *v.* Pennsylvania Railroad Company.

Argued October 22, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Thomas M. J. Regan,* for appellant.

*Philip Price,* with him *Joseph A. DeLacy* and *Barnes, Biddle & Myers,* for appellee.

OPINION BY PARKER, J., April 16, 1936:

In this workmen's compensation case there are involved the status of an employee of a railroad company who was injured during a lunch period while on the premises of the company and a question as to whether the employee was engaged at the time of the accident

in interstate or intrastate transportation. The referee made an award which was affirmed by the board, and on appeal the common pleas court set aside the award and entered judgment for the defendant. The evidence bearing on the nature of the employment was so meager that we are all of the opinion that in the interest of justice the record should be returned to the compensation board for the purpose of hearing further testimony.

The undisputed evidence was that on the morning of May 27, 1932, claimant was engaged as a brakeman in the employ of defendant in its 52nd Street freight yard, Philadelphia, in shifting loaded and empty cars some of which belonged to other companies, that at an appropriate time he was instructed to go to lunch for a twenty minute period and was on his way to a locker room provided for the purpose on defendant's premises when he was severely injured. During the lunch period "he was not relieved of all responsibility" and was required "to keep myself [himself] within call." There was not any evidence produced as to the character of the transportation in which claimant was engaged at any time on the day in question; that is, whether it was interstate or intrastate transportation. Indeed there were no facts shown from which the nature of the employment might even be inferred.

The first question gives us no trouble. The Pennsylvania statute does not require that the accident resulting in an injury must "arise out of the employment" but only that it occur "in the course of the employment." "A workman's employment is not broken by a short interval of time taken for the noonday meal, where he remains on the employer's premises (unless he is doing something that is wholly foreign to his employment), and ...... in such circumstances he is still engaged in the furtherance of the business or affairs of the employer": Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454, 459; Blouss v. D. L. & W. R. R. Co., 73 Pa. Superior Ct. 95, 98; Oldinsky v. P. & R. C. & I.

Co., 92 Pa. Superior Ct. 328; McCoy v. Spriggs, 102 Pa. Superior Ct. 500, 157 A. 523; Sinko v. Bethlehem Steel Co., 104 Pa. Superior Ct. 357, 159 A. 230; Malky v. Kiskiminetas Val. Coal Co., 278 Pa. 552, 123 A. 505. The same principle applies to those engaged in interstate transportation and cases arising under the federal Employers' Liability Act: Missouri K. & T. Ry. Co. v. U. S., 231 U. S. 112, 34 S. Ct. 26; North Carolina R. R. Co. v. Zachary, 232 U. S. 248, 34 S. Ct. 305; B. & O. R. Co. v. Kast, 299 Fed. 419; Wyatt v. New York O. & W. R. Co., 45 Fed. (2d) 705.

The serious question arises in determining the character of the employment during the noon lunch period. The appellee, in support of the judgment entered below, contends that we should take judicial notice of the facts that it was engaged in work of a "general interstate character", that the 52d Street classification yard is the largest in Philadelphia and one which handles indiscriminately interstate and intrastate traffic, that appellant's work involved the handling of any kind of cars, and that the burden of proof was therefore upon claimant to show that he was not at the time engaged in interstate commerce, so that he may be entitled to claim under the Pennsylvania Workmen's Compensation Law rather than the federal Employers' Liability Act. While we may take notice of the fact that the defendant engages at times in interstate transportation, since it is a matter known to the people generally, we may not take notice of such local matters as the character of freight that is handled in a particular yard at a given time, since it is not a matter of common notoriety: Osborne v. Gray, 241 U. S. 16, 36 S. Ct. 486, 487. If we could, we would still be ignorant of the character of freight which was handled by the claimant. On the day in question he may have been exclusively engaged in handling interstate or intrastate transportation, or he may have been handling both. If he handled both and had disengaged himself from contact with

both at the noon period, it would seem to be settled that the employment would be in interstate transportation. In Erie v. Winfield, 244 U. S. 170, 37 S. Ct. 556, an employee during his day's work handled shipments of both characters and was injured while leaving the railroad yards after his day's work was over, and it was held that he was subject to the federal Employers' Liability Act. Also see Patterson v. Penna. R. Co., 284 Pa. 577, 131 A. 484. There, as here, the employment of claimant at different times was separable.

We have held in the case of Peak v. Penna. R. R., 121 Pa. Superior Ct. 373, 184 A. 295, opinion handed down this day, that until it appears that there are involved in an occurrence constitutents of interstate commerce, the burden is not on the claimant to prove that the employee was not engaged in interstate transportation, a negative and a fact that is peculiarly within the knowledge of the employer. We will not repeat what we there said.

The distinction between those employments where the service of the employee is separable and those where it is not, must be kept in mind in a classification of the work being done at the time of the accident. See Brown v. Lehigh Valley R. Co., 121 Pa. Superior Ct. 380, 184 A. 290. A member of a shifting crew in a yard may at times be engaged in interstate transportation and at other times in intrastate transportation, and such work is separable: Illinois Central R. R. Co. v. Behrens, 233 U. S. 473, 34 S. Ct. 646. In the case of a flagman (Phila. & R. Ry. Co. v. Di Donato, 256 U. S. 327, 41 S. Ct. 516), a detective or railroad policeman (Elder v. Penna. R. R. Co., 118 Pa. Superior Ct. 137, 180 A. 183), the duties at a given time may not be separable and then the interstate transportation predominates. It may be important in this case after the proofs are developed to determine the character of transportation in which the

employee was engaged not only during the entire morning but immediately before the noon recess and whether at the noon period the particular task which he was then performing had been completed: B. & O. R. Co. v. Kast, supra.

It is not the policy of the courts or the board in an administration of the compensation law to allow technicalities to stand in the way of an award where a claimant is entitled otherwise to compensation. We are therefore all of the opinion that this case should be remanded to the board for the purpose of taking further testimony bearing on the character of the transportation in which the employee was engaged at the time of the accident, and a determination of the facts after having the benefit of such testimony.

The judgment is reversed with directions to remit the record to the Workmen's Compensation Board for the purpose of further hearing and findings in accordance with this opinion.