## Sigler, Appellant, *v*. Pittsburgh & Lake Erie Railroad.

Argued April 13, 1937. Appeal,

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Clarence A. Patterson,* for appellant.

*P. K. Motheral,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellee.

Opinion by Parker, J., July 15, 1937:

The claimant, Hazel W. Sigler, was awarded compensation by a referee for the death of her husband,

Bernard J. Sigler, and the award was affirmed by the Workmen's Compensation Board. On appeal to a court of common pleas the award was reversed and judgment was entered for defendant on the ground that Sigler at the time of the accident which resulted in his death was engaged in interstate transportation. We are of the opinion that the learned judge of the court below arrived at a correct conclusion.

The husband of claimant was employed by defendant as a yard clerk in the railroad yards at Rankin, Pennsylvania. His duties included checking the arrival and departure of cars in that yard, taking down their numbers and delivering orders for movement of cars. He began his employment on February 2, 1933, at four in the afternoon and in the normal course would have finished his day's work at midnight. His wife being unable to reach him by telephone during the evening went to the yard office at about 10:30 P. M. and found him unconscious, lying face downward on a desk in the yard office. It was a cold night and she found the door of the office open and no fire burning in the stove. He was suffering from la grippe and died of pneumonia on February 13th. It is assumed that his death was due to an accident suffered while in the course of his employment with defendant.

It was admitted that the defendant was a carrier of both interstate and intrastate commerce and it was shown by documentary evidence and by admissions of claimant that during decedent's employment on the day of the accident he gave orders with relation to and was concerned with cars moving in both interstate and intrastate transportation. It was found as a fact by the compensation authorities that he had been concerned in both classes of traffic on that day, but that there was not any specific evidence to show that he had engaged in interstate transportation after 7 P. M. Defendant showed that Sigler had advised his superior

during the afternoon that he was ill but that he wished to complete his day's work, and he was instructed that it would not be necessary for him to go out of the office to take car numbers. He remained in the office for the purpose of receiving reports and issuing orders for the movement of cars as occasion arose. The yard was a large one in which much traffic of both classes was moved and the deceased was concerned with both classes.

In these workmen's compensation cases where we are called upon to determine whether the federal Employers' Liability Act or the state Workmen's Compensation Law applies, it is usually necessary to first ascertain whether the services are by one who is alternately engaged in each class of transportation or one whose duties as to both kinds of transportation are so inseparable that the interstate service is held to predominate. While it is a general rule that the status of the employee, with respect to interstate transportation is tested by the work that he is actually performing at the time and not by service being rendered in general (*Illinois Central R. Co. v. Behrens,* 233 U. S. 473, 34 S. Ct. 646), it frequently occurs that the service is so related to the processes of or an instrumentality of transportation as to be practically inseparable from the operations or the use of the instrumentality in moving traffic in interstate commerce (*Phila. & R. Ry. v. Di Donato,* 256 U. S. 327, 41 S. Ct. 516). Of those actually engaged in the movement of traffic and who are at times engaged exclusively in one class of transportation, the clearest example is that of fireman, engineman or conductor of a switching crew: *Erie R. Co. v. Welsh,* 242 U. S. 303, 37 S. Ct. 116.

Of those whose employment is inseparable, we have first those who are actually engaged in providing or repairing the facilities or have to do with the mechanisms employed (*Pedersen v. D. L. & W. R. R. Co.,* 229 U. S. 146, 33 S. Ct. 648; *Illinois Central R. Co. v.*

*Behrens,* supra), and then those who are engaged in movements of traffic such as a flagman at a crossing over which interstate and intrastate traffic passes (*Phila. & R. Ry. Co. v. Di Donato,* supra; *Brown v. Lehigh Valley R. Co.,* 121 Pa. Superior Ct. 380, 184 A. 290), or a railroad policeman (*Elder v. Penna. R. R. Co.,* 118 Pa. Superior Ct. 137, 180 A. 183). The service of the latter class concerns the operations and safety of both commerces and to separate the "duties by moments of time or particular incidents would be to destroy its unity and commit it to confusing controversies."

When Sigler moved through the yard taking the numbers of the cars in a train composed of cars moving in both classes of traffic, it could not be said that his employment changed every time he wrote down the number of a car for his duties related at the same time to both classes of traffic and those duties were so inseparable that the interstate characteristic of the traffic predominated: *St. Louis, S. F., & T. Ry. Co. v. Seale,* 229 U. S. 156, 33 S. Ct. 651. Likewise when he was in the office awaiting reports he was then serving both classes of transportation. If we assume, as was probably the case, that when injured he was waiting for his wife to take him home, claimant's case is not aided. His service in that situation partook of the nature of the employment for the entire day just as was the case when he left his work and was still on the premises at the end of the day after having been engaged in both classes of traffic: *Erie R. R. Co. v. Winfield,* 244 U. S. 170, 37 S. Ct. 556.

Some question has been raised as to the party upon whom the burden of proof lay to show that the employee was engaged in interstate commerce. In that class of cases where the duties are inseparable and there appear elements of interstate transportation, the employee is presumed to be engaged in interstate com-

merce and the burden of proof is upon the claimant to show that he is not so engaged: *Phila. & R. Ry. Co. v. Di Donato,* supra; *Phila. & R. Ry. Co. v. Polk,* 256 U. S. 332, 41 S. Ct. 518. Also, see *Peak v. Penna. R. R. Co.,* 121 Pa. Superior Ct. 373, 184 A. 295.

We are of the opinion that the services of Sigler were such that his engagement in the two kinds of transportation cannot be distinguished and the two were inseparable. He was so closely identified with interstate commerce that his services were practically a part thereof.

Judgment affirmed.