## Mason, Appellant, *v.* Reading Company.

Argued September 28, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*A. F. Barbieri,* for appellant.

*Algernon R. Clapp,* with him *T. R. White,* for appellee.

OPINION BY PARKER, J., December 17, 1937:

The prime question involved in this workmen's com-
pensation case is whether the claimant's decedent at the
time of his death was engaged in interstate transpor-
tation or in matters so closely related thereto as to be
considered a part thereof. If he was, the rights of the
claimant are governed by the Federal Employers' Li-
ability Act and not by the Pennsylvania Workmen's
Compensation Act. The referee and board found for

the claimant and on appeal a court of common pleas entered judgment for the defendant.

Emanuel Mason, an employee of the defendant, was killed while on its premises when on his way to work, and we will assume for the purposes of this appeal that he was in the course of his employment with defendant when he received the fatal injury. He had been regularly employed at Wayne Junction Transfer, a classification station of the defendant established to receive, transfer and ship interstate and intrastate freight to and from all stations on the defendant's lines.

We are all of the opinion that the decedent was engaged in interstate transportation at the time of the fatal accident for the reasons that the employee's duties as to the two kinds of transportation were not practically separable, that the interstate character of the work therefore predominated, and his status when on the premises on his way to work partook of the nature of the work as a whole which was of an interstate character. On the question involved the decisions of the Supreme Court of the United States are controlling (*Mayers v. Union R. R. Co.*, 256 Pa. 474, 100 A. 967), and the question is one of law: *Martini v. Director General*, 77 Pa. Superior Ct. 529; *St. Louis S. F. & T. R. Co. v. Seale*, 229 U. S. 156, 33 S. Ct. 651; *Phila. & R. Ry. Co. v. Hancock*, 253 U. S. 284, 40 S. Ct. 512.

"By the terms of the [Federal] Employers' Liability Act the true test is the nature of the work being done at the time of the injury, and the mere expectation that plaintiff would presently be called upon to perform a task in interstate commerce is not sufficient to bring the case within the act": *Erie R. Co. v. Welsh*, 242 U. S. 303, 37 S. Ct. 116. When the injury occurs while the employee is going to or leaving work a more difficult question is presented. Where an injury occurred while the employee was leaving work and while still in the course of his employment and his day's work included

both interstate and intrastate transportation, it was authoritatively settled that the act of leaving work "was a necessary incident of his day's work, and partook of the character of that work as a whole, for it was no more an incident of one part than of another ...... That he was employed in interstate commerce is therefore plain, and that his employment also extended to intrastate commerce is, for present purposes, of no importance": *Erie R. Co. v. Winfield,* 244 U. S. 170, 37 S. Ct. 556.

While going to work is like returning from work, and each is a part of the work of the day, when an injury occurs when an employee is on the way to work it may not yet have been determined what the task of the employee will be on that day. When a task has not yet been assigned to the employee, there is no determined class to which the going to work is an incident, and a mere expectation that the employee will presently be called upon to perform a task in interstate commerce is not sufficient to fix the character of the employment. Where a task has been assigned by specific orders given to the employee or the nature of the work to be performed may be inferred from a uniform course of employment, a different question is presented. While we have found no decisions of the United States Supreme Court directly in point, the principle may be inferred from numerous dicta.

Even when it may be determined from the evidence that the employee has been assigned to a certain kind of work for the day so that it may be said what his task will be, such orders may contemplate that he will be engaged for the day exclusively in one class of transportation, interstate or intrastate, or during the particular day in both classes where the tasks in each are separable, or he may be directed to engage in an employment where the work is of such a nature that it concerns at the same time both commerces and it is not

practicable to separate his duties "by moments of time or particular incidents of its exertion," for to do so "would be to destroy its unity and commit it to confusing controversies": *Phila. & R. Ry. Co. v. Di Donato,* 256 U. S. 327, 41 S. Ct. 516.

We have had for consideration in this court several cases involving claims under our compensation law where the employee was injured on the premises where he was employed and while on the way to work and where the defense was set up that the employee was at the time engaged in interstate transportation. In a number of those cases the employee engaged in both classes of transportation and the right to compensation turned on the question whether the duties of the employee in the respective kinds of transportation were separable.

In *Reese v. Penna. R. R. Co.,* 118 Pa. Superior Ct. 112, 180 A. 188, and in *Mease v. Reading Co.,* 126 Pa. Superior Ct. 436, 191 A. 402, (allocatur refused by United States Supreme Court), we held that where an employee, who was at times engaged exclusively in interstate transportation and at other times exclusively in intrastate transportation, was injured after coming upon the premises and before he had reached the point where he performed his actual work and without having received any instructions as to the class of transportation to which he would be assigned, the Federal Employers' Liability Act did not apply. In the latter case we pointed out that the member of a shifting crew of a railroad does not ordinarily belong to that class of employees whose services are so related to an instrumentality of interstate transportation as to be practically inseparable from the use of that instrumentality in moving interstate traffic, such as a crossing flagman employed where both kinds of traffic pass, or one engaged in repairing tracks used by trains of each class.

In *Velia v. Reading Co.,* 124 Pa. Superior Ct. 199,

187 A. 495, the employee was injured while on the premises of the employer just before he entered upon the performance of his work for the day. The day before he had been engaged in repairs to tracks used in both classes of transportation and he had been instructed to continue at such work the following day. We there held that his widow was not entitled to compensation on the grounds that his duties were not separable, that the interstate character of the work predominated and he was therefore not entitled to compensation under the state law as the Federal Employers' Liability Act applied. Cf. *Komar v. Penna. R. R. Co.,* 121 Pa. Superior Ct. 385, 184 A. 293.

It has frequently been held that a member of a shifting crew in a railroad yard may on the same day at times be engaged in interstate transportation and at other times in intrastate transportation. That is, that the work of such an employee may be separable as to the two kinds of commerce: *Erie R. Co. v. Welsh,* supra; *Reese v. Penna. R. R. Co.,* supra; *Mease v. Reading Co.,* supra; *Illinois Central R. Co. v. Behrens,* 233 U. S. 473, 34 S. Ct. 646. Another example of separable employment is that of a station agent when performing janitor service: *Gasser v. Central R. R. Co. of N. J.,* 112 Pa. Superior Ct. 420, 171 A. 97.

One engaged as a flagman at a crossing over which both kinds of transportation pass *(Phila. & R. Ry. Co. v. Di Donato,* supra; *Brown v. Lehigh V. R. R. Co.,* 121 Pa. Superior Ct. 380, 184 A. 290), or as a detective or railroad policeman *(Elder v. Penna. R. R. Co.,* 118 Pa. Superior Ct. 137, 180 A. 183), or in repairing tracks used indiscriminately in the two classes of transportation *(Pedersen v. Del. L. & W. R. Co.,* 229 U. S. 146, 33 S. Ct. 648; *Mazzuco v. Penna. R. R. Co.,* 122 Pa. Superior Ct. 293, 296, 186 A. 255), may be engaged in duties in both classes of service that may not be separable. In the cases of employees engaged in such service

there are involved constituents of interstate commerce and when those elements appear the burden of showing that the employee was at the time not engaged in interstate transportation is on him who asserts the claim or remedy and not on the railway company against which it is directed: *Phila. & R. Ry. Co. v. Polk,* 256 U. S. 332, 41 S. Ct. 518.

This makes necessary a further consideration of the facts found by referee and board and those admitted. Emanuel Mason had for a period of seven years been regularly employed at Wayne Junction Transfer which was a classification yard. At this place both interstate and intrastate freight were received, classified and shipped to points both within and without the state. It was the duty of Mason to take part in this movement of freight by separating and conveying separate packages or parcels by truck from one car to another.

Mason having regularly performed the same work for seven years, the only fair and reasonable inference is that he was to engage in that kind of work on the day he was killed for he had then entered the premises of the defendant and at about the time he regularly began his work. Such approach to his work after he was on the premises, like his trips at the close of his work and while on the premises of defendant, "was a necessary incident of his day's work": *Erie R. Co. v. Winfield,* supra.

There remains for consideration the nature of that work. The fact finding bodies, referee and board, were warranted in concluding that it was not practicable to separate his duties by moments of time or particular incidents of their exertion. Even the movement of a particular parcel was a part of the prime business of the transfer which was the classification and distribution of freight coming and going in both kinds of transportation of which seventy-five per cent was interstate. The

different movements were not a succession of separate tasks but were parts of one unified service.

We are not unmindful of the fact that the United States Supreme Court has held that those who are only remotely concerned in interstate commerce and are not at the time of the accident actively engaged in work so closely related to interstate transportation as to be practically a part of it are excluded from the benefits of the Federal Employers' Liability Act: *Shanks v. D. L. & W. R. R. Co.*, 239 U. S. 556, 36 S. Ct. 188; *Industrial Commission v. Payne,* 259 U. S. 182, 185, 42 S. Ct. 489. The nearness of such relation is however a practical question and no formula can be devised which will furnish a ready answer to an inquiry as to the character of a particular employment. Such character must be determined by and will vary with the facts involved.

In *Sigler v. P. & L. E. R. R.,* 127 Pa. Superior Ct. 458, 193 A. 362, we held that one employed as a yard clerk in the railroad yards and whose duties included checking the arrival and departure of cars used in both interstate and intrastate commerce, taking down their numbers and delivering orders for the movement of the cars and who was injured at the close of his day's work, was engaged in interstate commerce and that his duties were not separable. In any event, we believe that it clearly appears from the evidence that there were involved in the employment of Mason the constituents of interstate commerce and that the burden of explanation and avoidance was on the claimant. See *Peak v. Penna. R. R. Co.,* 121 Pa. Superior Ct. 373, 184 A. 295, and *Phila & R. Ry. Co. v. Polk,* supra.

Our conclusions are supported by decisions in other jurisdictions: *Larkin v. N. Y. Cent. R. R. Co.,* 232 N. Y. Supp. 363; *Evans v. U. S. R. R. Admn.,* 182 N. Y. Supp. 310; *Lehigh V. R. R. Co. v. Huben,* 10 Fed. (2d) 78.

Judgment affirmed.