Opinion by
 

 Parker, J.,
 

 Katie O’Donnell, widow of Prank O’Donnell, in an action under the Workmen’s Compensation Law, sought to recover compensation for the death of her husband. After the claim was filed the claimant died and her executrix was substituted as plaintiff. We are of the opinion that the deceased was at the time of his death engaged in interstate transportation. It follows that the Federal Employers’ Liability Act is applicable and that, as a consequence, recovery cannot be had under the state compensation law:
 
 New York Cent. R. Co. v. Porter,
 
 249 U. S. 168, 169, 39 S. Ct. 188.
 

 A referee who first heard the claim disallowed it. Within a year the board granted a rehearing and a referee awarded compensation. The board affirmed the award and on appeal the court of common pleas reversed the board and entered a judgment for the defendant.
 

 Frank O’Donnell had been employed by the defendant for at least seven years as a watchman or flagman in the city of Wilkes-Barre at a point where the defendant’s tracks crossed North Biver Street. The employee’s residence was at Plains, about three miles north of his place of employment, and he was furnished transportation to and from his home by means of a pas's. His hours of employment were from 2:30 in the after
 
 *46
 
 noon until 12:35 the following morning. On the day of the accident, he flagged his last train about 12:35 A.M., placed his equipment in a watchman’s shanty, locked it, and walked across the street along the defendant’s right of way to a station for the purpose of boarding a train for his home. At 12:50 a.m., as he was about to board the train, he fell under the wheels and was killed.
 

 The defendant was operating a third rail electric road between Wilkes-Barre and Scranton and its property was all in the counties of Lackawanna and Luzerne, within the state of Pennsylvania. One hundred or more passenger trains and from two to three freight trains, on the average, were operating over this road each day. While the trains did not pas's beyond the termini, some of the coal cars carried by the railroad were destined for points beyond the limits of Pennsylvania. The defendant sold through tickets over its lines and connecting lines to points in other states and, jointly with Delaware, Lackawanna & Western Railroad Company, filed with the Interstate Commerce Commission joint passenger tariffs quoting rates from points on defendant’s line to points outside of Pennsylvania. Statistics offered in evidence show that for the years 1927 to 1930, inclusive, about eight per cent of the passenger revenue received by the defendant was from interstate passengers and forty-five per cent of the revenue received for the carriage of freight was interstate. On the day of the accident and the preceding day interstate passengers were carried, but no freight trains were operated during those two days.
 

 It is conceded that O’Donnell, at the time of the accident, was in the course of his employment. We will not consider that aspect of the case in view of the fact that another and controlling question is involved.
 

 The status of a railroad flagman at a crossing of a public road and a railway, over which crossing both
 
 *47
 
 interstate and intrastate traffic is carried, with respect to the character of his employment as to being interstate or intrastate, was definitely settled in the case of
 
 Phila. & R. Ry. Co. v. Di Donato,
 
 256 U. S. 327, 41 S. Ct. 516. It was there decided that since his duties were essential to the safety of all trains, interstate and intrastate, and his duties as a flagman were not separable, he was, while engaged in the performance of his duties, engaged in interstate commerce and recovery could not be had under the Pennsylvania Workmen’s Compensation Law for an injury suffered while so employed.
 

 The same question was presented to us in the case of
 
 Brown v. Lehigh Valley R. R. Co.,
 
 121 Pa. Superior Ct. 380, 184 A. 290, and the Di Donato case was followed. The Brown Case went a step further, for there the employee suffered an injury while he was engaged in shaking down the ashes in a coal stove in a shanty. At that time he bumped his elbow causing an abrasion which became infected and produced cellulitis', thereby causing his death.
 

 We have had occasion in a number of other cases to consider the status of an employee as to the character of his service where the injury occurred when the employee was not actually performing his usual work. In those cases, following
 
 Erie R. R. Co. v. Winfield,
 
 244 U. S. 170, 37 S. Ct. 556, we arrived at the conclusion that when an employee of a railroad was regularly engaged in both interstate and intrastate transportation and the two classes of commerce were inseparable, as in the ease of a flagman in the Di Donato case, the interstate service still predominated and it continued to be interstate in character while the employee remained on the premises in the course of his employment but when not actively performing his customary work at the time:
 
 Sigler v. P. & L. E. R. R.,
 
 127 Pa. Superior Ct. 458, 193 A. 362, where the employee had finished
 
 *48
 
 his customary work and was waiting on the premises for his wife to take him to his home;
 
 Elder v. Penna. R. R. Co.,
 
 118 Pa. Superior Ct. 137, 180 A. 183, where a railroad policeman, after finishing a task, left his work for a moment “to perform an act of personal ministration”;
 
 Mason v. Reading Co.,
 
 129 Pa. Superior Ct. 289, 195 A. 754, where a clerk in a classification station was injured while on his way to work and after he came on defendant’s premises;
 
 Mazzuco v. Penna. R. R. Co., 122
 
 Pa. Superior Ct. 293, 186 A. 255, where a laborer in a track gang was using a turntable to turn a hand ear, furnished by the employer for transportation to his place of active work.
 

 The appellant relies very largely in its argument upon the case of
 
 Knorr v. Central R. R. of N. J.,
 
 268 Pa. 172, 110 A. 797. There the employee was an extra fireman called upon to perform a special interstate service which had been completed. Before leaving for home on a plane train provided to transport him, he departed from the course of his employment on a personal errand and then returned to the plane train. He was killed while on that train. There the duties as to interstate and intrastate commerce were separable just as they were in our own cases of
 
 Reese v. Penna. R. R. Co.,
 
 118 Pa. Superior Ct. 112, 180 A. 188,
 
 Mease v. Reading Co.,
 
 126 Pa. Superior Ct. 436, 191 A. 402 (allocatur refused by United States Supreme Court), and
 
 Komar v. Penna. R. R. Co.,
 
 121 Pa. Superior Ct. 385, 184 A. 293. In those cases the employee was engaged at times exclusively in different classes of transportation. All of these cases relied on
 
 Erie R. Co. v. Welsh,
 
 242 U. S. 303, 37 S. Ct. 116.
 

 It is also suggested by appellant that the established principles to which we have referred ought not to be applied here because the interstate passenger traffic was a small proportion of the entire passenger traffic. It is true that it has been held that those who are only re
 
 *49
 
 motely concerned in interstate commerce and are not at the time of the accident actively engaged in work so closely related to interstate transportation as to be practically a part of it are excluded from the benefits of the Federal Employers’ Liability Act:
 
 Shanks v. D. L. & W. R. R. Co.,
 
 239 U. S. 556, 36 S. Ct. 188;
 
 Industrial Accident Commission v. Payne,
 
 259 U. S. 182, 185, 42 S. Ct. 489. Those cases dealt with the character of the work performed and its remoteness from actual interstate transportation rather than with the proportions of the two kinds of commerce. The serious difficulty with the suggestion of appellant is that those administering the law would eventually be called upon to set a particular percentage. Should it be five per cent or eight per cent or some other percentage? It would be neither reasonable nor practicable to make such an attempt. In fact, in the case of freight traffic the proportion of interstate transportation here involved was not small. In any event the proportion is not so small that the interstate traffic can be ignored on the
 
 de minimis
 
 theory. We cannot ignore the fact that this employee was required to guard interstate transportation day by day. Such was his regular employment.
 

 Judgment affirmed.