### Riley, Appellant, *v.* Pennsylvania Railroad Company.

Argued October 25, 1939.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Mitchell MacCartney,* of *MacCartney & Mullen,* for
appellant.

*Robert F. Hare,* with him *Thomas C. Hare,* and *John
J. Haberstroh,* for appellee.

PER CURIAM, November 15, 1939:
This case is ruled against the appellant by the deci-
sions of this court in *Sigler v. Pittsburgh & Lake Erie*

*Railroad,* 127 Pa. Superior Ct. 458, 461, 193 A. 362, and *Mason v. Reading Company,* 129 Pa. Superior Ct. 289, 195 A. 754, in which Judge PARKER reviewed the relevant governing decisions of the United States Supreme Court.

The evidence in the record supports a finding that the claimant, at the time of his injury, was employed by the Pennsylvania Railroad Company as a car inspector in its eastbound receiving yard at Altoona; his duty was to inspect cars arriving there, preparatory to their classification in the yard and their assembly into new trains made up of cars going to the same destinations, for the purpose of seeing if they were in condition to continue their journey; that cars traveling in interstate and intrastate transportation, indiscriminately mixed in arriving trains, were inspected by him as they came into the yard in the average proportion of five interstate to one intrastate car.

His duties, therefore, were not separable between interstate and intrastate transportation. The inspection was deemed necessary for the safety of *all* cars and *all* trains, passenger and freight, moving over the *defendant's railroad,* which might be injured by transporting a defective car, and, under the foregoing decisions, the interstate character of the work predominated, and the burden of showing that he was not actually engaged in interstate transportation at the time he received his injury rested on the claimant.

The Workmen's Compensation Board held that he had not met this burden, and refused his claim for compensation. The evidence supported the board's findings of fact, and the legal conclusion properly followed the findings.

The judgment is affirmed.